UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RICHARD FERREIRA
    PLAINTIFF,

v.                                                                       C.A. NO.: 19-cv-00200-JJM-PAS

TOWN OF LINCOLN, LINCOLN POLICE
DEPARTMENT, CHIEF OF POLICE,
CAPTAIN PHILLIP GOULD, DETECTIVE
LIEUTENANT DANA L. PARKER,
DETECTIVE CHRIS NIGHTINGALE,
DETECTIVE GORMAN, SERGEANT JASON
BOLDUC, SERGEANT WALTER M. PASZEK,
LPD OFFICER STEPHEN RODRIGUES,
LPD OFFICER JOSEPH ANTERNI, LPD
OFFICER LEGERE, LPD OFFICER
KINNIBURG, LPD OFFICER SEXTON, THE
RHODE ISLAND STATE POLICE, JAMES
MANNI, SUPERINTENDENT, (RISP
DEFENDANTS UNKNOWN),
JOHN DOES 1-5
    DEFENDANTS.

### ANSWER OF THE RHODE ISLAND STATE POLICE AND COLONEL JAMES MANNI, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY TO PLAINTIFF'S AMENDED COMPLAINT

    Now comes the State Defendants, James Manni, individually and in his official capacity, and the Rhode Island State Police (hereinafter "State Defendants") and hereby Answer Plaintiff, Richard Ferreira's Amended Complaint as follows:

### "Jurisdiction"

1. State Defendants deny Paragraph 1.

### "The Plaintiff So Alleges the Following: Preliminary Statement of the Case"

2. State Defendants deny Paragraph 2.

3. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of Plaintiff's Amended Complaint and therefore denies this paragraph.

4. State Defendants deny Paragraph 4.

5. State Defendants deny Paragraph 5 and all of its subsections.

## "Parties"

6. State Defendants deny Paragraph 6.

7. The allegations contained in paragraph 7 do not apply to the State Defendants and no response is necessary. To the extent that paragraph 7 requires a response from the State Defendants, denied.

8. The allegations contained in paragraph 8 do not apply to the State Defendants and no response is necessary. To the extent that paragraph 8 requires a response from the State Defendants, denied.

9. The allegations contained in paragraph 9 do not apply to the State Defendants and no response is necessary. To the extent that paragraph 9 requires a response from the State Defendants, denied.

10. The allegations contained in paragraph 10 do not apply to the State Defendants and no response is necessary. To the extent that paragraph 10 requires a response from the State Defendants, State Defendants deny paragraph 10 and all of its subsections.

11. State Defendants deny Paragraph 11 and all of its subsections.

12. State Defendants deny Paragraph 12 and all of its subsections.

13. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of Plaintiff's Amended Complaint and therefore denies Paragraph 13 and all of its subsections.

14. State Defendants deny Paragraph 14.

15. State Defendants deny Paragraph 15 and all of its subsections.

## "Facts"

16. State Defendants hereby incorporate by reference their responses to paragraphs 1 through 15 as if fully set forth herein.

17. State Defendants deny Paragraph 17.

18. State Defendants deny Paragraph 18.

19. State Defendants deny Paragraph 19.

18 (sic). State Defendants deny Paragraph 18 (sic).

19 (sic). State Defendants deny Paragraph 19 (sic) and all of its subsections.

20. State Defendants deny Paragraph 20 and all of its subsections.

21. State Defendants deny Paragraph 21.

22. State Defendants deny Paragraph 22 and all of its subsections.

23. State Defendants deny Paragraph 23.

24. State Defendants deny Paragraph 24.

25. State Defendants deny Paragraph 25.

26. State Defendants deny Paragraph 26.

27. State Defendants deny Paragraph 27.

28. State Defendants deny Paragraph 28.

29. State Defendants deny Paragraph 29.

30. State Defendants deny Paragraph 30 and all of its subsections.

31. State Defendants deny Paragraph 31.

32. State Defendants deny Paragraph 32.

33. State Defendants deny Paragraph 33.

34. State Defendants deny Paragraph 34.

35. State Defendants deny Paragraph 35 and all of its subsections.

36. State Defendants deny Paragraph 36.

37. State Defendants deny Paragraph 37.

38. State Defendants deny Paragraph 38.

39. State Defendants deny Paragraph 39.

40. State Defendants deny Paragraph 40 and all of its subsections.

41. State Defendants deny Paragraph 41.

42. State Defendants deny Paragraph 42 and all of its subsections.

43. State Defendants deny Paragraph 43.

44. State Defendants deny Paragraph 44.

45. State Defendants deny Paragraph 45 and all of its subsections.

46. State Defendants deny Paragraph 46 and all of its subsections.

47. State Defendants deny Paragraph 47.

48. State Defendants deny Paragraph 48.

49. State Defendants deny Paragraph 49 and all of its subsections.

50. State Defendants deny Paragraph 50 and all of its subsections.

51. State Defendants deny Paragraph 51 and all of its subsections.

52. State Defendants deny Paragraph 52 and all of its subsections.

53. State Defendants deny Paragraph 53 and all of its subsections.

54. State Defendants deny Paragraph 54.

55. State Defendants deny Paragraph 55.

56. State Defendants deny Paragraph 56.

57. State Defendants deny Paragraph 57.

58. State Defendants deny Paragraph 58 and all of its subsections.

59. State Defendants deny Paragraph 59.

60. State Defendants deny Paragraph 60.

61. The allegations contained in paragraph 61 do not apply to the State Defendants and no response is necessary. To the extent that paragraph 61 requires a response from the State Defendants, denied.

62. The allegations contained in paragraph 62 do not apply to the State Defendants and no response is necessary. To the extent that paragraph 62 requires a response from the State Defendants, denied.

63. State Defendants deny Paragraph 63.

64. The allegations contained in paragraph 64 do not apply to the State Defendants and no response is necessary. To the extent that paragraph 64 requires a response from the State Defendants, denied.

65. The allegations contained in paragraph 65 do not apply to the State Defendants and no response is necessary. To the extent that paragraph 65 requires a response from the State Defendants, denied.

66. The allegations contained in paragraph 66 do not apply to the State Defendants and no response is necessary. To the extent that paragraph 66 requires a response from the State Defendants, denied.

67. State Defendants deny Paragraph 67.

68. State Defendants deny Paragraph 68.

69. State Defendants deny Paragraph 69.

### "Legal Claim #1"

70. State Defendants deny Paragraph 70.

71. State Defendants deny Paragraph 71 and all of its subsections.

    **WHEREFORE,** State Defendants pray that the Amended Complaint in this civil action be dismissed; that they be awarded reasonable attorney's fees and costs incurred in the defense hereof; and such other relief as is lawful and proper.

### Legal Claim #2

72. State Defendants deny Paragraph 72.

73. State Defendants deny Paragraph 73.

    **WHEREFORE,** State Defendants pray that the Amended Complaint in this civil action be dismissed; that they be awarded reasonable attorney's fees and costs incurred in the defense hereof; and such other relief as is lawful and proper.

### "Legal Claim #3"

74 State Defendants deny Paragraph 74.

75. State Defendants deny Paragraph 75 and all of its subsections.

    **WHEREFORE,** State Defendants pray that the Amended Complaint in this civil action be dismissed; that they be awarded reasonable attorney's fees and costs incurred in the defense hereof; and such other relief as is lawful and proper.

### "Legal Claim #4"

75 (sic). State Defendants deny Paragraph 75 (sic).

76. State Defendants deny Paragraph 76 and all of its subsections.

    **WHEREFORE,** State Defendants pray that the Amended Complaint in this civil action be dismissed; that they be awarded reasonable attorney's fees and costs incurred in the defense hereof; and such other relief as is lawful and proper.

**"Legal Claim #5"**

77. State Defendants deny Paragraph 77.

78. State Defendants deny Paragraph 78 and all of its subsections.

    **WHEREFORE,** State Defendants pray that the Amended Complaint in this civil action be dismissed; that they be awarded reasonable attorney's fees and costs incurred in the defense hereof; and such other relief as is lawful and proper.

**STATE DEFENDANTS DEMAND A JURY TRIAL**

    Respectfully submitted,

    DEFENDANTS,
    Rhode Island State Police and James Manni,
    in his individual and official capacity, as
    Superintendent of the Rhode Island State Police

    By:

    PETER F. NERONHA
    ATTORNEY GENERAL

    */s/ Chrisanne Wyrzykowski*
    Chrisanne Wyrzykowski, Bar No. 7565
    Assistant Attorney General
    150 S. Main Street, Providence, RI 02903
    (401) 274-4400, Ext. 2235
    Fax No. (401) 222-3016
    cwyrzykowski@riag.ri.gov

**AFFIRMATIVE DEFENSES:**

**First Affirmative Defense**

    Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted. Plaintiff's Amended Complaint fails to allege facts sufficient to show that Plaintiff is entitled to recover any damages as against State Defendants.

**Second Affirmative Defense**

    State Defendants have the benefit of the State's status as sovereign, together with all privileges and immunities that inure to said sovereign status.

### Third Affirmative Defense

State Defendants have the benefit of all expressed and implied exceptions to the waiver of sovereign immunity.

### Fourth Affirmative Defense

State Defendants claim the benefit of Eleventh Amendment immunity to the extent applicable to this civil action.

### Fifth Affirmative Defense

State Defendants plead the public duty doctrine.

### Sixth Affirmative Defense

State Defendants have the benefit of discretionary immunity.

### Seventh Affirmative Defense

To the extent State Defendants are not immune and are held liable for damages, which liability is expressly denied, the monetary limitations on damages set forth in State law should apply.

### Eighth Affirmative Defense

At all times material to the matters alleged in the Amended Complaint, the State Defendants were in the exercise of due care and had in good faith duly fulfilled any and all duties owed to Plaintiff if, in fact, any duties were owed.

### Ninth Affirmative Defense

Plaintiff's injuries were caused and contributed to by Plaintiff, other persons, firms or corporations for whose conduct the State Defendants' are not liable

### Tenth Affirmative Defense

State Defendants had legal justification for all of their actions relative to Plaintiff.

### Eleventh Affirmative Defense

Plaintiff has failed to perfect proper and timely service.

### Twelfth Affirmative Defense

State Defendants plead the defense of no duty owed to the Plaintiff, and in the alternative, that the State Defendants met any duty imposed under the law.

### Thirteenth Affirmative Defense

Plaintiff is not entitled to attorney's fees, interest, or costs under Federal or State law.

### Fourteenth Affirmative Defense

State Defendants are not "persons" for the purposed of 42 U.S.C. § 1983.

### Fifteenth Affirmative Defense

State Defendants acted reasonably and in good faith and did not violate any clearly established law and, therefore, plead qualified immunity.

### Sixteenth Affirmative Defense

State Defendants at all times acted reasonably, within the scope of their employment, in an authorized manner, and each in their official capacity.

### Seventeenth Affirmative Defense

The acts or omissions of State Defendants were not a conscious disregard of Plaintiff's needs or rights; were not intentional and willful; and were not in violation of Federal or State law.

### Eighteenth Affirmative Defense

The State Defendants plead the statute of limitations as a complete bar to the Amended Complaint.

### Nineteenth Affirmative Defense

The acts or omissions of State Defendants do not constitute actual fraud, willful misconduct, or actual malice in violation of Federal or State law.

### Twentieth Affirmative Defense

Plaintiff is not entitled to monetary damages as against State Defendants under Federal or State law.

### Twentieth-First Affirmative Defense

Plaintiff is not entitled to punitive damages as against State Defendants under Federal or State law.

**STATE DEFENDANTS DEMAND A TRIAL BY JURY.**

Respectfully submitted,

DEFENDANTS,
Rhode Island State Police and James Manni,
in his individual and official capacity, as
Superintendent of the Rhode Island State Police

By:

PETER F. NERONHA
ATTORNEY GENERAL

*/s/ Chrisanne Wyrzykowski*
Chrisanne Wyrzykowski, Bar No. 7565
Assistant Attorney General
150 S. Main Street, Providence, RI 02903
(401) 274-4400, Ext. 2235
Fax No. (401) 222-3016
cwyrzykowski@riag.ri.gov

## CERTIFICATE OF SERVICE

I hereby certify that I filed the within document via the ECF filing system and that a copy is available for viewing and downloading. I have also caused a copy to be sent via the ECF system to the following attorneys of record on this 5th day of September, 2019.

Marc DeSisto, Esq.
marc@desistolaw.com

*/s/ Taylor O'Brien*

I, hereby further certify, that I mailed a copy of the foregoing document by first class mail, postage prepaid on this 5th day of September, 2019 to:

Richard Ferreira, *Pro Se*
PO Box 800
Shirley, MA  01464

*/s/ Taylor O'Brien*