UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

Civil Docket No:
1:19-cv-00200-JJM-PAS

RICHARD FERREIRA          )
Plaintiff, Pro se         )   PLAINTIFF'S AFFIDAVIT IN SUPPORT OF THE
                          )   MOTION FOR ALTERNATIVE DISPUTE RESOLUTION
v.                        )   PLAN ORDERED BY THE COURT, AND MOTION FOR
                          )   COURT ORDERED RETURN OF $25,997.39 SEIZED
                          )   FROM THE PLAINTIFF
TOWN OF LINCOLN, Et al.   )
Defendants                )
_____  )

I, Richard Ferreira, on oath, pursuant to 28 USCS, §1746, state:

1.  That, I am the named Plaintiff in the above entitled action.

2.  That, at approximately 0500 hours/Am to 0515 hours/Am, on the
    morning of April 29, 2016, while staying at a hotel in the
    town of Lincoln, Rhode Island, there was a knock at the door
    of my hotel room.

3.  That, upon hearing the knock, I walked to the door, opened it
    up, and two men claiming to be hotel employees, attempted to
    rob me.

4.  That, the robbery was botched, and turned into one of the men,
    shooting me twice, and, I almost died.

5.  That, Lincoln Police Department, (LPD), and Rhode Island State
    Police, (RISP), responded, and investigated the matter.

6.  That, during the course of the invsetigation, a sum of $67,000.00,
    was taken from the SUV I had arrived at the hotel in.

2

7.  That, the $67,000.00, were profits from the previous, weeks of gambling in Connecticut, and Rhode Island, (RI).

8.  That, both the LPD, and RISP, denied taking any money from me, the hotel room, or, the SUV, initially.

9.  That, the harder I fought to get someone to tell me where my $67,000.00 went, the more denials I received.

10. That, one day,  I filed this lawsuit, prior to the 3 year statute of limitations running out.

11. That, between March 1, 2019, and April 31, 2019, I had the access to a telephone and called LPD Detective Sean Gorman, and again, initially received the usual denials of any knowledge where my $67,000.00, disappeared to. At in point in that prison telephone recorded call, Sean Gorman, simply said, "...the State Police took your money..." This conversation is the crux of the Protective Order, granted by the United States District Court, (USDC), in this case, on March 23, 2020.

12. That, in the past 75 days, I have received several pieces of documentation thru Discovery, from the RISP, including the attached EXHIBIT-1, RISP Inventory Records.

13. That, Exhibit-1, lists the following sums of money seized from my hotel room or the SUV, that total $25,997.39:

    (A). $20.12;
    (B). $23,040;
    (C). $25.00;
    (D). $2,210.00;
    (E). $699.27;
    (F). $3.00.

3

14. That, obviously, I did have money taken from me, my hotel room, and SUV, on April 29, 2016, as proven by the attached Exhibit-1. The money was taken by legal warrant it would appear, but, nevertheless, was taken by the several named Defendants, all of whom initially denied taking any money from me whatsoever.

15. That, the sheer fact that Exhibit-1 demonstrates $25,997.39, was taken from me, my hotel room, or SUV, would provide more than prima facia proof, that, I had the total sum of $67,000.00, which cannot now, be found, nor accounted for by the Defendants.

16. That, I have no outstanding wants or warrants in the United States or RI; no outstanding legal debts that have been levied against me by a judicial court, or officer thereof; no outstanding criminal investigation pending against me, that I am aware of, on the date of this affidavit, which would warrant the RISP to continue to keep my $25,997.39.

17. That, the RISP, has, since April 29, 2016, had my $25,997.39, and have deprived me of that money, and the ability to increase my standard of living with it, after I pay taxes on it. To continue to keep my money without valid and legal cause, is Conversion of Property; Financial Interference; a Failure To Comply With The Laws Of RI, and the United States to return the money at the conclusion of the case. Surely the case is over, it's been four years, and the continued seizure of the money serve no purpose, other than to deprive me of the ability of investing, and, otherwise spending the money as I see fit, within the limits of the law.

18. That, the return of the $25,997.39, is a beginning to closure

4

in this matter.

19. That, the remaining amount of the $67,000.00, can be obtained thru Alternate Dispute Resolution Plan, as obviously <u>the</u> money did exist; <u>its</u> denial of existence by the Defendants, is tantamount to consciousness of guilt; <u>its</u> partial recovery only affirms the presence of money to begin with; <u>the</u> finger pointing of Detective Gorman, is consistent with a falling out among those who initially stole the money; <u>the</u> ongoing failure to return the money, (absent a valid legal reason that this USDC can review, and verify), <u>is consistent</u> with bad police work, (i.e., refusing to return stolen property to its owner), and <u>consistent</u> with the frame of mind that took the money to begin with, then lied about having it altogether. These and other facts make this case ripe for Alternate Dispute Resolution.

20. That, absent a showing as to why the money should not be returned to me, the sum of $25,997.39, by the RISP, I have motioned for the return of that sum of money to me at this time. Or in the alternative, Partial Summary Judgment Ordering The Return Of The Sum Of $25,997.39 To The Plaintiff. [1] Signed under the pains and penalties of perjury on this date, April 2, 2020.

Richard Ferreira
Pro se
P.O. Box-8000
Shirley, MA. 01464

---

[1]There is no genuine material fact outstanding to my knowledge. The money is clearly mine; clearly taken by the RISP; clearly in possession of the RISP without a legally valid reason at this time; and should clearly be returned to me. I could see no reason to file a Memorandum of Law in support of this Motion, but will if directed to do so by the USDC. I didn't want to take up the time of the court.