## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

**RICHARD FERREIRA**
    **PLAINTIFF,**

    **v.**                                       **C.A. NO.: 19-cv-00200-JJM-PAS**

**TOWN OF LINCOLN, et al**
    **DEFENDANTS.**

### ANSWER OF SCOT BARUTI, DETECTIVE SERGEANT DEMARCO, TROOPER HIRSH AND JOHN GRASSEL, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES, TO PLAINTIFF'S SECOND AMENDED COMPLAINT

    Now comes the State Defendants, Scot Baruti, Detective Sergeant DeMarco, Trooper Hirsh and John Grassel, individually and in their official capacities (hereinafter "State Defendants") and hereby Answer Plaintiff, Richard Ferreira's Second Amended Complaint as follows:

### "Jurisdiction"

1. State Defendants deny Paragraph 1.

### "The Plaintiff So Alleges the Following: Preliminary Statement of the Case"

2. State Defendants deny Paragraph 2.

3. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of Plaintiff's Second Amended Complaint and therefore deny this paragraph.

4. State Defendants deny Paragraph 4.

5. State Defendants deny Paragraph 5 and all of its subsections.

### "Parties"

6. State Defendants deny Paragraph 6.

7. The allegations contained in paragraph 7 do not apply to the State Defendants and no response is necessary.  To the extent that paragraph 7 requires a response from the State Defendants, denied.

8. The allegations contained in paragraph 8 do not apply to the State Defendants and no response is necessary.  To the extent that paragraph 8 requires a response from the State Defendants, denied.

9. The allegations contained in paragraph 9 do not apply to the State Defendants and no response is necessary.  To the extent that paragraph 9 requires a response from the State Defendants, denied.

10.  The allegations contained in paragraph 10 do not apply to the State Defendants and no response is necessary.  To the extent that paragraph 10 requires a response from the State Defendants, State Defendants deny paragraph 10 and all of its subsections.

11.  State Defendants deny Paragraph 11 and all of its subsections.

12.  State Defendants deny Paragraph 12 and all of its subsections.

13. State Defendants deny Paragraph 13 and all of its subsections

14. State Defendants deny Paragraph 14.

15. State Defendants deny Paragraph 15 and all of its subsections.

### **"Facts"**

16. State Defendants hereby incorporate by reference their responses to paragraphs 1 through 15 as if fully set forth herein.

17. State Defendants deny Paragraph 17.

18. State Defendants deny Paragraph 18.

19. The allegations contained in paragraph 19 do not apply to the State Defendants and no response is necessary.  To the extent that paragraph 19 requires a response from the State Defendants, State Defendants deny paragraph 19 and all of its subsections.

20. The allegations contained in paragraph 20 do not apply to the State Defendants and no response is necessary.  To the extent that paragraph 20 requires a response from the State Defendants, State Defendants deny paragraph 20 and all of its subsections.

21.  The allegations contained in paragraph 21 do not apply to the State Defendants and no response is necessary.  To the extent that paragraph 21 requires a response from the State Defendants, State Defendants deny paragraph 21 and all of its subsections.

22. State Defendants deny Paragraph 22 and all of its subsections.

23. Paragraph 23 is a legal conclusion to which no response is necessary, if a response is deemed necessary the State Defendants deny Paragraph 23.

24. Paragraph 24 is a legal conclusion to which no response is necessary, if a response is deemed necessary the State Defendants deny Paragraph 24 and all of its subsections.

25. State Defendants deny Paragraph 25.

26. State Defendants deny Paragraph 26.

27. State Defendants deny Paragraph 27.

28. State Defendants deny Paragraph 28.

29. State Defendants deny Paragraph 29.

30. State Defendants deny Paragraph 30.

31. State Defendants deny Paragraph 31.

32. State Defendants deny Paragraph 32 and all of its subsections.

33. State Defendants deny Paragraph 33.

34. State Defendants deny Paragraph 34.

35. State Defendants deny Paragraph 35.

36. State Defendants deny Paragraph 36.

37. State Defendants deny Paragraph 37 and all of its subsections.

38. Paragraph 38 asserts allegations against individuals who have not been served, so no response is deemed necessary.  To extent that Paragraph 38 alleges facts against the State Defendants, denied.

39. State Defendants deny Paragraph 39.

40. State Defendants deny Paragraph 40.

41. State Defendants deny Paragraph 41.

42. Paragraph 42 and its subsections assert allegations against individuals who have not been served, so no response is deemed necessary.  To extent that Paragraph 42 and its subsections allege facts against the State Defendants, denied.

43. State Defendants deny Paragraph 43.

44. State Defendants deny Paragraph 44 and all of its subsections.

45. State Defendants deny Paragraph 45.

46. State Defendants deny Paragraph 46.

47. The allegations contained in Paragraph 47 do not apply to the State Defendants and no response is necessary.  To the extent that Paragraph 47 requires a response from the State Defendants deny Paragraph 47 and all of its subsections.  denied.

48. State Defendants deny Paragraph 48 and all of its subsections.

49. State Defendants deny Paragraph 49 and all of its subsections.

50. State Defendants deny Paragraph 50.

51. State Defendants deny Paragraph 51 and all of its subsections.

52. State Defendants deny Paragraph 52 and all of its subsections.

53. State Defendants deny Paragraph 53 and all of its subsections.

54. State Defendants deny Paragraph 54 and all of its subsections.

55. State Defendants deny Paragraph 55 and all of its subsections.

56. State Defendants deny Paragraph 56.

57. State Defendants deny Paragraph 57.

58. State Defendants deny Paragraph 58.

59. State Defendants deny Paragraph 59.

60. State Defendants deny Paragraph 60 and all of its subsections.

61. State Defendants deny Paragraph 61.

62. The allegations contained in Paragraph 62 do not apply to the State Defendants and no response is necessary.  To the extent that Paragraph 62 requires a response from the State Defendants, denied.

63. The allegations contained in Paragraph 63 do not apply to the State Defendants and no response is necessary.  To the extent that Paragraph 63 requires a response from the State Defendants, denied.

64. The allegations contained in Paragraph 64 do not apply to the State Defendants and no response is necessary.  To the extent that Paragraph 64 requires a response from the State Defendants, denied.

65. The allegations contained in Paragraph 65 do not apply to the State Defendants and no response is necessary.  To the extent that Paragraph 65 requires a response from the State Defendants, denied.

66. The allegations contained in Paragraph 66 do not apply to the State Defendants and no response is necessary.  To the extent that Paragraph 66 requires a response from the State Defendants, denied.

67. The allegations contained in Paragraph 67 do not apply to the State Defendants and no response is necessary.  To the extent that Paragraph 67 requires a response from the State Defendants, denied.

68. The allegations contained in Paragraph 68 do not apply to the State Defendants and no response is necessary.  To the extent that Paragraph 68 requires a response from the State Defendants, denied.

69. The allegations contained in Paragraph 69 do not apply to the State Defendants and no response is necessary.  To the extent that Paragraph 69 requires a response from the State Defendants, denied.

70. State Defendants deny Paragraph 70.

71. State Defendants deny Paragraph 71.

### **"Legal Claim #1"**

72. State Defendants deny Paragraph 72.

73. State Defendants deny Paragraph 73 and all of its subsections.

**WHEREFORE,** State Defendants pray that the Second Amended Complaint in this civil action be dismissed; that they be awarded reasonable attorney's fees and costs incurred in the defense hereof; and such other relief as is lawful and proper.

### **Legal Claim #2**

74. State Defendants deny Paragraph 74.

75. State Defendants deny Paragraph 75.

**WHEREFORE,** State Defendants pray that the Second Amended Complaint in this civil action be dismissed; that they be awarded reasonable attorney's fees and costs incurred in the defense hereof; and such other relief as is lawful and proper.

### **"Legal Claim #3"**

76. State Defendants deny Paragraph 76.

77. State Defendants deny Paragraph 77 and all of its subsections.

**WHEREFORE,** State Defendants pray that the Second Amended Complaint in this civil action be dismissed; that they be awarded reasonable attorney's fees and costs incurred in the defense hereof; and such other relief as is lawful and proper.

### **"Legal Claim #4"**

78. State Defendants deny Paragraph 78.

79.  State Defendants deny Paragraph 79 and all of its subsections.

**WHEREFORE,** State Defendants pray that the Second Amended Complaint in this civil action be dismissed; that they be awarded reasonable attorney's fees and costs incurred in the defense hereof; and such other relief as is lawful and proper.

### "Legal Claim #5"

80. State Defendants deny Paragraph 80.

81. State Defendants deny Paragraph 81 and all of its subsections.

**WHEREFORE,** State Defendants pray that the Second Amended Complaint in this civil action be dismissed; that they be awarded reasonable attorney's fees and costs incurred in the defense hereof; and such other relief as is lawful and proper.

### Relief Requested

**WHEREFORE,** State Defendants respectfully request that this Court enter an order on behalf of the State Defendants and denied the relief sought in Plaintiff's Second Amended Complaint.

### STATE DEFENDANTS DEMAND A JURY TRIAL

Respectfully submitted,

DEFENDANTS,
Scot Baruti, Detective Sergeant DeMarco, Trooper Hirsh and John Grassel, in their individual and official capacities

By:

PETER F. NERONHA
ATTORNEY GENERAL

*/s/ Chrisanne Wyrzykowski*
Chrisanne Wyrzykowski, Bar No. 7565
Assistant Attorney General
150 S. Main Street, Providence, RI 02903
(401) 274-4400, Ext. 2235
Fax No. (401) 222-3016
cwyrzykowski@riag.ri.gov

## AFFIRMATIVE DEFENSES:

### First Affirmative Defense

Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted.  Plaintiff's Second Amended Complaint fails to allege facts sufficient to show that Plaintiff is entitled to recover any damages as against State Defendants.

### Second Affirmative Defense

State Defendants have the benefit of the State's status as sovereign, together with all privileges and immunities that inure to said sovereign status.

### Third Affirmative Defense

State Defendants have the benefit of all expressed and implied exceptions to the waiver of sovereign immunity.

### Fourth Affirmative Defense

State Defendants claim the benefit of Eleventh Amendment immunity to the extent applicable to this civil action.

### Fifth Affirmative Defense

State Defendants plead the public duty doctrine.

### Sixth Affirmative Defense

State Defendants have the benefit of discretionary immunity.

### Seventh Affirmative Defense

To the extent State Defendants are not immune and are held liable for damages, which liability is expressly denied, the monetary limitations on damages set forth in State law should apply.

### Eighth Affirmative Defense

At all times material to the matters alleged in the Second Amended Complaint, the State Defendants were in the exercise of due care and had in good faith duly fulfilled any and all duties owed to Plaintiff if, in fact, any duties were owed.

### Ninth Affirmative Defense

Plaintiff's injuries were caused and contributed to by Plaintiff, other persons, firms or corporations for whose conduct the State Defendants' are not liable

### Tenth Affirmative Defense

State Defendants had legal justification for all of their actions relative to Plaintiff.

### Eleventh Affirmative Defense

Plaintiff has failed to perfect proper and timely service.

### Twelfth Affirmative Defense

State Defendants plead the defense of no duty owed to the Plaintiff, and in the alternative, that the State Defendants met any duty imposed under the law.

### Thirteenth Affirmative Defense

Plaintiff is not entitled to attorney's fees, interest, or costs under Federal or State law.

### Fourteenth Affirmative Defense

State Defendants are not "persons" for the purposed of 42 U.S.C. § 1983.

### Fifteenth Affirmative Defense

State Defendants acted reasonably and in good faith and did not violate any clearly established law and, therefore, plead qualified immunity.

### Sixteenth Affirmative Defense

State Defendants at all times acted reasonably, within the scope of their employment, in an authorized manner, and each in their official capacity.

### Seventeenth Affirmative Defense

The acts or omissions of State Defendants were not a conscious disregard of Plaintiff's needs or rights; were not intentional and willful; and were not in violation of Federal or State law.

### Eighteenth Affirmative Defense

The State Defendants plead the statute of limitations as a complete bar to the Second Amended Complaint.

### Nineteenth Affirmative Defense

The acts or omissions of State Defendants do not constitute actual fraud, willful misconduct, or actual malice in violation of Federal or State law.

### Twentieth Affirmative Defense

Plaintiff is not entitled to monetary damages as against State Defendants under Federal or State law.

### Twentieth-First Affirmative Defense

Plaintiff is not entitled to punitive damages as against State Defendants under Federal or State law.

**<u>Twenty-Second Affirmative Defense</u>**

State Defendants plead all forms of statutory and common law immunity.

**STATE DEFENDANTS DEMAND A TRIAL BY JURY.**


Respectfully submitted,

DEFENDANTS,
Scot Baruti, Detective Sergeant DeMarco, Trooper
Hirsh and John Grassel, in their individual and
official capacities

By:

PETER F. NERONHA
ATTORNEY GENERAL

*/s/ Chrisanne Wyrzykowski*
Chrisanne Wyrzykowski, Bar No. 7565
Assistant Attorney General
150 S. Main Street, Providence, RI 02903
(401) 274-4400, Ext. 2235
Fax No. (401) 222-3016
cwyrzykowski@riag.ri.gov


**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I filed the within document via the ECF filing system and that a copy is available for viewing and downloading.  I have also caused a copy to be sent via the ECF system to the following attorneys of record on this 27th day of July, 2020.

Marc DeSisto, Esq.
marc@desistolaw.com

*/s/ Chrisanne Wyrzykowski*

I, hereby further certify, that I mailed a copy of the foregoing document by first class mail, postage prepaid on this 27th day of July, 2020 to:

Richard Ferreira, *Pro Se*
PO Box 8000
Shirley, MA  01464

*/s/ Chrisanne Wyrzykowski*

9