UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RICHARD FERREIRA,
    *Plaintiff,*
v.

TOWN OF LINCOLN, et al.,
    *Defendants.*

C.A. No. 1:19-cv-000200-JJM-PAS

## LINCOLN DEFENDANTS' STATEMENT OF UNDISPUTED FACTS

1. On April 29, 2016 at approximately 5:10 AM, Lincoln Police Department Patrol Officers Stephen Rodrigues ("Rodrigues"), Jonathon Sexton ("Sexton"), Joseph Anterni ("Anterni"), and Kyle Kinniburgh ("Kinniburgh") were dispatched to the Courtyard Marriott ("Marriott") at 636 Washington Highway in Lincoln in response to a report of a shooting. See Exhibit A, Defendant Kyle Kinniburgh's Response to Plaintiff's First Set of Interrogatories, at 6; Exhibit B, Lincoln Police Dept. April 29, 2016 Incident Report.

2. Dispatch notified the officers that an African American male had left the Marriott for a Sunoco gas station next door. Exhibit A at 6.

3. Anterni responded to the Sunoco station and saw an African American male, later identified as Gerron Harper ("Harper"), near one of the gas pumps. Exhibit C, Defendant Joseph Anterni's Response to Plaintiff's First Set of Interrogatories, at 6.

4. Anterni drew his weapon and ordered Harper to the ground, at which time Kinniburgh arrived on scene and acted as a cover officer. Id.

5. After Anterni placed Harper in handcuffs, he saw Isabela Silva ("Silva") running toward the Sunoco station. Id.

1

6. Silva was screaming that Plaintiff Richard Ferreira ("Plaintiff"), her boyfriend, had been shot at the Marriott and that the shooters were possibly still inside the hotel. Exhibit A at 6.

7. Anterni then removed the handcuffs from Harper, determining that he was not a suspect at that time, and proceeded with Kinniburgh to the Marriott. Id.; Exhibit C at 6.

8. The front desk clerk at the Marriott directed Anterni and Kinniburgh to room 318. Exhibit C at 6.

9. They directed Harper, who had followed them to the hotel, to remain in the lobby. Exhibit A at 6.

10. Upon reaching the third floor, they discovered Plaintiff lying on the floor in the hallway. Exhibit C at 6.

11. They then cleared and secured the room, which had no occupants at the time. Id.

12. Sexton then arrived and encountered Harper, who was on his way to the parking lot after Anterni and Kinniburgh had advised him to remain in the lobby. Exhibit D, Defendant Jonathon Sexton's Response to Plaintiff's First Set of Interrogatories, at 6.

13. Noting that Harper appeared "very animated" and fit the description of the male reported by dispatch, Sexton stopped him and asked if he was involved in the incident. Id.

14. Harper stated that he was going to his car, which he described as a white Mercedes parked to the right of the entrance to the Marriott. Id.

15. Sexton watched Harper walk toward a row of cars, stop, and begin pacing. Id.

16. Sexton then continued on into the hotel. Id.

17. He reached the third floor and saw Anterni and Kinniburgh securing the scene. Id.

18. He then returned to the lobby and found Harper again; Harper gave Sexton his personal information but said he did not have a phone number or an active cell phone. Id.

19. Rodrigues and Patrol Officer Brendan Legare ("Legare") arrived on scene around the same time as Sexton and assisted Anterni in searching the third floor, the stairwell, and a maintenance closet. Exhibit C at 7; Exhibit E, Defendant Brendan Legare's Response to Plaintiff's First Set of Interrogatories, at 6.

20. Harper then returned to the third floor, at which point he became upset again. Exhibit D at 6.

21. Sexton, Rodrigues, and Legare placed him in the elevator, and Sexton escorted him back to the lobby. Id.; Exhibit C at 7.

22. As Rodrigues proceeded to interview three witnesses from the neighboring room, Plaintiff was transported by ambulance to Rhode Island Hospital. Exhibit F, Defendant Stephen Rodrigues's Response to Plaintiff's First Set of Interrogatories, at 7.

23. Detective Sean Gorman ("Gorman") arrived on scene at approximately 5:40 AM and was briefed on the situation by Kinniburgh. Exhibit G, Defendant Sean Gorman's Response to Plaintiff's First Set of Interrogatories, at 4.

24. He began to process the scene and saw blood on the carpet in the hallway and two shell casings in front of room 318. Id.

25. After speaking briefly with Harper and Silva, Gorman began to photograph the scene; he saw more blood on the carpet and the walls, and he also saw two baggies, one empty and one containing a white, powdery substance, on a desk inside the room. Id. at 5.

26. Chief of Police Brian Sullivan ("Sullivan") then arrived on scene and told Gorman that the Rhode Island State Police ("State Police") were on their way and would take charge of the scene when they arrived. Id.

27. In the course of his time on scene, Sullivan remained on the third floor of the Marriott. Exhibit H, Defendant Chief of Police's Response to Plaintiff's First Set of Interrogatories, at 5.

28. Shortly after Sullivan spoke with Gorman, several State Police detectives arrived and took over the scene. Exhibit C at 7.

29. Captain Philip Gould ("Gould") arrived on scene at around the same time as Sullivan. See Exhibit A at 7; Exhibit C at 7.

30. He remained in the lobby, and later provided a statement to the press assembled outside the Marriott's entrance. Exhibit I, Defendant Philip Gould's Response to Plaintiff's First Set of Interrogatories, at 3.

31. Sexton transported Silva to the police station to be interviewed by detectives. Exhibit D at 6; Exhibit F at 7.

32. Kinniburgh then transported Harper to the station for the same purpose, remaining with Harper in the interview room until Gorman relieved him at about 8:15 AM. Exhibit A at 7; Exhibit F at 7.

33. Rodrigues cleared from the scene shortly after Silva and Harper were transported. Exhibit F at 7.

34. Anterni remained and created a sign-in sheet to monitor those who entered room 318 in the course of securing and processing the scene. Exhibit C at 7.

35. He was relieved from his post at about 2:00 PM. Id.

36. Gorman and another officer returned to the scene later that day and field tested a white substance seized from the hotel room by the State Police.  Exhibit G at 5.

37. The substance tested positive for heroin, and Plaintiff, Harper, and Silva were charged with possession of a controlled substance.  Id.

38. Detective Lieutenant Dana Packer ("Packer") and Sergeant Walter Ptaszek ("Ptaszek") neither responded to the scene nor participated in any subsequent proceedings related to the incident.  Exhibit J, Defendant Dana L. Packer's Response to Plaintiff's First Set of Interrogatories, at 4, 6; Exhibit K, Defendant Walter Ptaszek's Response to Plaintiff's First Set of Interrogatories, at 5, 7.

39. Sergeants Jason Bolduc ("Bolduc") and Christopher Nightingale ("Nightingale") likewise did not respond to the scene.  Exhibit L, Defendant Jason Bolduc's Response to Plaintiff's First Set of Interrogatories, at 5; Exhibit M, Defendant Christopher Nightingale's Response to Plaintiff's First Set of Interrogatories, at 4.

40. About a month after the incident, Bolduc reviewed and approved the narratives of Kinniburgh, Sexton, Anterni, and Rodrigues.  Exhibit L at 7.

41. At some other point subsequent to the incident, Nightingale possibly handled related court paperwork.  Exhibit M at 6-7.

                                  Defendants,
                                  By their attorneys,

*/s/Marc DeSisto*

*/s/Patrick K. Burns*
Marc DeSisto, Esq. (#2757)
Patrick K. Burns, Esq. (#10107)
DESISTO LAW LLC
60 Ship Street
Providence, RI 02903
(401) 272-4442
marc@desistolaw.com
pburns@desistolaw.com

## CERTIFICATION OF SERVICE

I hereby certify that on this 27th day of August, 2020, I electronically filed and served this document through the electronic filing system upon the following:

Chrisanne Wyrzykowski (#7565)        Justin J. Sullivan (#9770)
cwyrzykowski@riag.ri.gov              jjsullivan@riag.ri.gov

I further certify that a true and accurate copy of the within was mailed, postage pre-paid, this 27th day of August, 2020, to:

Richard Ferreira, *Pro Se*
PO Box 8000
Shirley, MA 01464

                                */s/Patrick K. Burns*