# Exhibit C

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RICHARD FERREIRA
    *Plaintiff,*

v.                                                          C.A. No. 1:19-cv-00200-JJM-PAS

TOWN OF LINCOLN, LINCOLN POLICE
DEPARTMENT, CHIEF OF POLICE,
CAPTAIN PHILLIP GOULD, DETECTIVE
LIEUTENTANT DANA L. PACKER
DETECTIVE CHRIS NIGHTINGALE
DETECTIVE GORMAN, SERGEANT
JASON BOLDUC, SERGEANT WALTER M.
PTASZEK, LPD OFFICER STEPHEN
RODRIGUES, LPD OFFICER JOSEPH ANTERNI,
LPD OFFICER LEGARE, LPD OFFICER
KINNIBURGH, LPD OFFICER SEXTON, THE
RHODE ISLAND STATE POLICE, JAMES
MANNI, SUPERINTENDENT, (RISP
DEFENDANTS UNKNOWN),
JOHN DOES 1-5
    *Defendants.*

## DEFENDANT JOSEPH ANTERNI'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

1. Please state your full name (including any middle names) with correct spelling, and your current business address.

**RESPONSE: Joseph John Anterni, 100 Old River Road, Lincoln, RI 02865.**

2. Please state the length of time you have been employed by the Lincoln own Police Department, (LPD), or the State of Rhode Island, as a Civil Servant, listing separate periods of time you spent at each staff level, etc.

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome. Notwithstanding and without waiving the objections, I have been employed by the Lincoln Police Department for approximately 4 and a half years. I became a Patrol Officer in May of 2015, and I am currently still a Patrol Officer.**

3. Please list the name of each training course and its instructor, that you attended or were trained while employed by the Lincoln Police Department and/or the State of Rhode Island, as a Civil Servant.

*Ferreira v. Lincoln*
C.A. No. 1:19-cv-00200-JJM-PAS

RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome and includes no limitation as to time. Defendant objects to the extent that this request seeks information that was not created and/or kept and/or compiled in the ordinary course of business by the Defendant. Notwithstanding and without waiving the objections, see Defendant Lincoln Police Department's Response to Plaintiff's First Set of Interrogatories, Response No. 4, Exhibit G, bates stamped Lincoln-Interrogatories-000215 through Lincoln-Interrogatories-000219.

4. Please attach all certificates of completion you received in each training course stated above in Interrogatory #3.

RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome and includes no limitation as to time. Defendant objects to the extent that this request seeks information that was not created and/or kept and/or compiled in the ordinary course of business by the Defendant. Notwithstanding and without waiving the objections, see Defendant Lincoln Police Department's Response to Plaintiff's First Set of Interrogatories, Response No. 4, Exhibit G, bates stamped Lincoln-Interrogatories-000215 through Lincoln-Interrogatories-000219.

5. Please list your scholastic background.

RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome and includes no limitation as to time. Defendant objects to the extent that this request is vague. Notwithstanding and without waiving the objections, my scholastic background includes:

**M.A., Homeland Security, Endicott College (currently pursuing)**

**Ft. McClellan, Alabama, Federal Accelerated Officer Candidate School, class of 2012**

**MA OCS Boot Camp for Army**

**Officer Candidate School Commission RTC**

**BOLC, Basic Officer Leader Course, Fort Lee Virginia, class of 2014**

**B.A., Criminal Justice, Rhode Island College, class of 2008**

**Rhode Island Municipal Police Academy, class of 2015**

6. Please list all training programs which the LPD, or the State of Rhode Island, has assisted you in being accepted or trained within.

RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome and includes no limitation as to time. Defendant objects to the extent that this request seeks information that was not created and/or kept and/or compiled

*Ferreira v. Lincoln*
C.A. No. 1:19-cv-00200-JJM-PAS

in the ordinary course of business by the Defendant. Notwithstanding and without waiving the objections, see Defendant Lincoln Police Department's Response to Plaintiff's First Set of Interrogatories, Response No. 4, Exhibit G, bates stamped Lincoln-Interrogatories-000215 through Lincoln-Interrogatories-000219.

7. Please list your job assignment(s) during the period of time referred to within the Civil Action. (State what position you held during the time period in which the Civil Action arose).

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome. Notwithstanding and without waiving the objections, I was a Patrol Officer on Third Shift at that time.**

8. Please list you job titles and responsibilities of the job during the time period listed above in Interrogatory #7.

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome. Notwithstanding and without waiving the objections:**

As to general duties:
- A police officer is responsible for the efficient performance of required duties conforming to the oral and written administrative guidance as promulgated by the chief of police. Duties shall consist of, but are not limited to, general police responsibilities necessary to the safety and good order of the community. The police officer must apply community-oriented policing goals daily and shall thereby strive to identify problems and suggest strategies to combat problems, fully enlisting the support of citizens, other officers, and government agencies. The officer must exercise flexibility and adaptability.
- A police officer shall perform the following activities.
    - Detect crime, identify and apprehend offenders, and participate in subsequent court proceedings.
    - Reduce the opportunities for the commission of crime through preventive patrol and other crime-prevention measures.
    - Aid people who are in danger of physical harm.
    - Facilitate the movement of vehicular and pedestrian traffic.
    - Identify potential law enforcement problems.
    - Promote and preserve the peace.
    - Provide emergency services.
    - Actively promote and enlist citizen involvement in combating crime and eliminating disorder.
- The police officer position is non-supervisory. Police officer duties are performed on an assigned shift under the general guidance of a supervisory officer.

As to specific duties and responsibilities:
- Exercises authority consistent with the obligations imposed by the oath of office. Promptly obeys legitimate orders.
- Coordinates efforts with those of other members of the department so that teamwork

- may ensure continuity of purpose and achievement of police objectives.
- Communicates to superiors and to fellow officers all information obtained in the field which is pertinent to the achievement of police objectives.
- Responds punctually to all assignments.
- Acquires and records information concerning events that have taken place since the last tour of duty.
- Records activities during the tour of duty as required.
- Maintains weapons and equipment in a functional, presentable condition.
- Assists all citizens who request assistance or information.
- Accountable for the securing, receipt, and proper transporting of all evidence and property coming into custody.
- Strives to resolve non-criminal matters amicably and informally. Responds quickly and professionally to queries from the public, counsels juveniles and adults when necessary and refers them to relevant social service agencies.
- Preserves the peace at public gatherings, neighborhood or family disputes, if possible.
- Serves or delivers warrants, summonses, subpoenas, and other official papers promptly and accurately.
- Confers with prosecutors and testifies in court on any manner arising from police business.
- Accomplishes other general duties as they are assigned or become necessary.
- Cooperates and coordinates with other law-enforcement agencies, correctional institutions, and the courts.

As to specific duties and responsibilities - preventative patrol:
- Patrols an assigned area for general purposes of crime prevention and law enforcement. Patrol includes:
    - Being thoroughly familiar with the assigned route of patrol. This familiarity includes knowledge of residents, merchants, businesses, roads, alleyways, paths, reservoirs, power stations, and factories. Conditions that contribute to crime shall be reported. The location of fire boxes, telephones, and other emergency services shall be noted.
    - Apprehending offenders or wanted persons.
    - Completing detailed reports on all crimes, vehicle accidents, arrests, and other incidents requiring police attention.
    - Preserving any serious crime scene until the sergeant or investigator arrives.
    - Performing security checks of private and commercial buildings, as appropriate.
    - Observing and interrogating suspicious persons.
    - Issuing traffic citations.
    - Being alert for and reporting fires.
    - Reporting street light and traffic signals out-of-order, street hazards, and any conditions that endanger public safety.
    - Observing activities at schools, parks, and playgrounds that suggest criminality or victimization.
    - Responding to any public emergency.
- Conducts a thorough investigation of all offenses and incidents within the area of

assignment. Collects evidence and records information which will aid in identification, apprehension, and prosecution of offenders, as well as the recovery of property.
- Alert to the development of conditions that foster or cause crime or which indicate criminal activity. Takes preventive action to correct such conditions, and informs supervisors as soon as the situation permits.
- Responds to situations brought to the officer's attention while in the course of patrol or when assigned by radio. Renders First Aid, when qualified, to persons who are seriously ill or injured. Assists persons needing emergency services.
- Remains in the assigned area throughout the tour of duty except when a police emergency necessitates a temporary absence, or when the sergeant or senior police officer on duty or the dispatcher has authorized a temporary absence.
- Alert for all nuisances, impediments, obstructions, defects, or other conditions that might endanger or hinder the safety, health, or convenience of the public within the patrol area, or which contribute to disorder.
- Takes proper care of an assigned patrol vehicle and attends to its routine mechanical maintenance; drives it safely and responsibly; and promptly reports and attends to defects or damage.
- Keeps radio equipment in operation at all times and remains thoroughly familiar with departmental policy concerning its use.

As to specific duties and responsibilities - traffic patrol:
- Directs and expedites the flow of traffic at assigned intersections, preventing accidents, protecting pedestrians, and ensuring the free flow of traffic.
- Enforces the parking ordinances and motor vehicle laws in the patrol areas.
- Alert to traffic safety conditions which may endanger or inconvenience the public and reports these conditions to the sergeant.
- Responds immediately when called from a traffic post to render emergency police service. Notifies the sergeant at the earliest possible opportunity.
- Wears the prescribed traffic safety clothing and equipment.

As to knowledge, skills, and abilities:
- Some knowledge of the philosophy, objectives, and methods of counseling, mediation, and community organizing; some knowledge of the fundamental principles of adolescent psychology; knowledge of police investigative techniques; general knowledge of rules of evidence and laws of search and seizure and interrogation; ability to analyze evidence; ability to question and interview skillfully; ability to organize and prepare clear and concise oral and written reports; skill in the use of firearms and police equipment; possession of physical ability and endurance; ability to establish effective working relationships with juveniles, parents, school officials, fellow workers, and the public; of good moral character.

9. Do you know the person named as the Plaintiff in this Civil Action?

**RESPONSE: I know the Plaintiff only from this incident.**

10. How long have you known him?

*Ferreira v. Lincoln*
C.A. No. 1:19-cv-00200-JJM-PAS

**RESPONSE:** See response to Interrogatory No. 9 above.

    11. Please, from your perspective, fully state what you did or didn't do; state your side of the story regarding the allegations in the Civil Action.

**RESPONSE:** Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome. Defendant objects to the form of this request and to the extent that this request assumes facts that are in dispute. Notwithstanding and without waiving the objections:

On Friday, 4/29/16, at approximately 0510 hours, I received and audio transmission from Dispatch stating that a disturbance had occurred at the Courtyard Marriott. Dispatch then stated that a male had been shot at the Courtyard Marriott and that an African American make had run to Sunoco. I responded code 1.

Upon my arrival I observed an African American male at one of the gas pumps. This male, who was later identified as Gerron Harper, moved away from the pump and started to approach my cruiser. I drew my weapon and pointed it at Gerron. I used loud and clear verbal commands which included ordering Gerron to get into the prone position on the ground. I also instructed Gerron to keep his hands visible. At this time he did not have anything in his hands.

Gerron was cooperative and he was obeying my commands. At this time O/Kinniburgh arrived on scene and served as a cover Officer. I then placed Gerron in handcuffs. Gerron did not sustain any injuries from my apprehension and he had no signs of visible injuries or any complaints of pain. After I secured Gerron in handcuffs Isabla Silva ran from the Courtyard Marriott parking lot to the Sunoco gas station parking lot screaming. Isabla was screaming saying that Gerron was her brother and that he did not do anything wrong. Isabella said that the shooters were still in the hotel. At this time I did not observe any visible injuries on Isabella.

At this time O/Kinniburgh responded to the Courtyard Marriott. I made the determination that Gerron did not appear to be a threat and that I needed to accompany O/Kinniburgh to the Marriott for safety purposes. I removed the handcuffs from Gerron and I proceeded to the Marriott. Gerron remained at the Sunoco parking lot with Isabella.

Kenneth Brown Jr witnessed this event take place. Kenneth said that he was approached by Gerron prior to my arrival. Kenneth said that Gerron asked if he could use his cell phone and where he was going.

Upon my arrival to the Marriott the front desk clerk, Jonathan Santiago, informed me that the disturbance had taken on the third floor in room 318. Upon arrival to room 318 I observed the victim, Richard Ferreira, lying on the floor in front of room 318. I observed Richard's face covered in blood and a gunshot entry wound near his hip.

Richard was conscious and he was speaking at this time. O/Kinniburgh and I made entry into room 318 to secure the room. Room 318 was cleared and no one was observed in the room.

At this time O/Sexton, O/Rodrigues, and O/Legare responded to assist. O/Rodrigues and I proceeded to search the 3rd floor, and stairwell, and a maintenance closet for the suspects. The immediate area was cleared and it appeared that the suspects were gone on arrival. Gerron returned to the area of the third floor to speak with Richard. When Gerron spoke to Richard he became extremely belligerent and O/Sexton, O/Rodrigues, and O/Legare were forced to place Gerron in the elevator and make him leave the scene. Isabla stated that she owned a white Mercedes which was parked in the Marriott parking lot. Albion Fire and Rescue 2 responded to assist Richard. Richard was transported to Rhode Island Hospital.

Detective Gorman responded to the crime scene. Chief Sullivan, Captain Gould, LT Marcoux, Detective Obrien and Detective Wingate responded to the scene to assist. I secured the crime scene and I established a sign in sheet. This sign in sheet contains the names of everyone who entered room 318 up to my relief at the scene. This list also contains the names of everyone who was in the area of the crime scene.

Rhode Island State Police Detectives responded to assist with processing the crime scene. Rhode Island State Police Corporal Ken Demarco assigned me to securing the crime scene and maintaining the State Police sign in sheet. O/Landry secured the first-floor staircase. Trooper Hirsch secured the stairwell on the third floor. I remained on scene until 1400 hours. O/Landry relieved me at my post.

During my time on scene the following people entered room 318 or were at the entry point. O/Kinniburgh, O/Legare, O/Sexton, O/Rodrigues, Detective Gorman, LT Marcoux, Trooper Grasso, Corporal Demarco RISP, Barry Morse Rescue 2, Eric Rousseau Rescue 2, Albion Fire Deputy Chief Robert Valentine, LT James Gagnon Albion Fire, Albion Firefighter Kathleen Gagnon.

Guoying Wei was staying in room 320 at the time of the incident.

Room 316 had three occupants during the time of the incident. Colleen Allard, Robert Park, and Anna Allard. O/Rodrigues and Detective Wingate spoke to these three individuals.

Paul Carnes of the Attorney General's Office also responded to the area of the crime scene.

12. Please list and attach all documents, reports, and communications you received from the Plaintiff regarding this Civil Action.

RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome. Defendant objects to the extent that this request seeks materials

*Ferreira v. Lincoln*
C.A. No. 1:19-cv-00200-JJM-PAS

and/or information that may not have been created and/or kept and/or compiled in the ordinary course of business. **Notwithstanding and without waiving the objections, I received no such material from the Plaintiff.**

> 13. Please list and attach all documents, reports and communications received by you (including listing of oral or wire communications) concerning the cause of this Civil Action, from any and all persons. (Any physical matter resulting from conversations you had with others concerning this Civil Action).

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome. Defendant objects to the extent that this request seeks materials and/or information that may not have been created and/or kept and/or compiled in the ordinary course of business. Defendant objects to the extent that this request seeks materials that may be protected by the attorney-client privilege and/or work-product doctrine. Notwithstanding and without waiving the objections, I received the complaint and summons in this matter. I communicated orally with Chief Brian Sullivan and my supervisor, Sgt. Christopher Nightingale, regarding these Interrogatories.**

> 14. Please list the name of all persons you communicated with during the immediate period of time prior to, or at any time after the cause of action arose in this Civil Action which relates to the Civil Action.

**RESPONSE: See objections and response to Interrogatory No. 13 above.**

> 15. Please list and attach a copy of all LPD staff involved in the cause of action stated in the Civil Action. (Identify by name, all staff who were directly, or indirectly involved in reporting, investigating, or named as individuals who allegedly caused the action.)

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome. Defendant objects to the extent that this request seeks materials that may be protected by the attorney-client privilege and/or work-product doctrine. Notwithstanding and without waiving the objections, see Defendant Lincoln Police Department's Response to Plaintiff's First Set of Interrogatories, Response No. 15.**

> 16. Please list and attach a copy of all relevant LPD rules/regulations which are related to the cause of this Civil Action.

**RESPONSE: See Defendants' Response to Plaintiff's Request for Production of Documents, Response No. 3.**

> 17. Please state the correct dates of any, and all events in the Civil Action which are inaccurate according to your records. (Review the Civil Action and either affirm, or correct the dates listed in the Civil Action. If the dates are correct state that fact below.)

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome. Defendant objects to the form of this request and to the extent that this**

request assumes facts that are in dispute. **Notwithstanding and without waiving the objections, all dates listed are correct.**

18. Please state whether or not you have ever been named as a Defendant in any other Civil Action.

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome and is overly broad as to time. Defendant objects to the extent that this request seeks information that was not created and/or kept and/or compiled in the ordinary course of business. Notwithstanding and without waiving the objections, as to known lawsuits:**

**Diamant v. Town of Lincoln, et al. (C.A. No. 17-548-MSM-PAS), United States District Court for the District of Rhode Island**

19. Please list by Court, and Docket Number, any other Civil Actions in which you have, or were named as a Defendant within.

**RESPONSE: See objections and response to Interrogatory No. 18 above.**

20. Please state whether or not you have ever been found guilty of violating the law in any Civil Action in which you were named as a Defendant.

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome and is overly broad as to time. Defendant objects to the extent that this request seeks information that was not created and/or kept and/or compiled in the ordinary course of business. Notwithstanding and without waiving the objections, no.**

21. Please list and attach a copy of any case decision or judgment in which you were found guilty of violating the law in any Civil Action in which you were named as a Defendant.

**RESPONSE: See objections and response to Interrogatory No. 20 above.**

22. Please state whether or not you helped secure the scene when you arrived, which LPD did according to the letter from Ms. Melissa Baldinelli (mbaldinelli@ritrust.com), attached to the complaint, dated April 3, 2019, and if you did, state in detail what you secured, and specifically whether or not you secured the Mercedes SUV belonging to the Plaintiff in this case.

**RESPONSE: Objection. Defendant objects to the extent that this request seeks materials that may be protected by the attorney-client privilege and/or work-product doctrine. Defendant objects based on the Rhode Island Law Enforcement Officers' Bill of Rights, as to conducting the investigation at the scene. Defendant objects to the extent that this request seeks information that was not kept and/or compiled in the ordinary course of business. Notwithstanding and without waiving the objections, see response to Interrogatory No. 11 above.**

*Ferreira v. Lincoln*
C.A. No. 1:19-cv-00200-JJM-PAS

23. Please state whether you secured the Mercedes SUV belonging to the Plaintiff, and if you did not, why didn't you secure this SUV.

**RESPONSE: Objection. Defendant objects based on the Rhode Island Law Enforcement Officers' Bill of Rights, as to conducting the investigation at the scene. Defendant objects to the extent that this request seeks information that was not kept and/or compiled in the ordinary course of business. Notwithstanding and without waiving the objections, see response to Interrogatory No. 11 above.**

24. Please state whether or not you, or any LPD Officer you know of, or whether the Rhode Island State Police, (RISP), secured the Mercedes SUV belonging to the Plaintiff, and had that SUV impounded, and towed to an impound lot, (provide the name of the Impound Lot, and its address).

**RESPONSE: Objection. Defendant objects to the extent that this request seeks materials that may be protected by the attorney-client privilege and/or work-product doctrine. Defendant objects based on the Rhode Island Law Enforcement Officers' Bill of Rights, as to conducting the investigation at the scene. Defendant objects to the extent that this request seeks information that was not kept and/or compiled in the ordinary course of business. Notwithstanding and without waiving the objections, I did not secure the Mercedes SUV, and I am not aware of anyone else who did so.**

25. Please state the names of any, and all RISP Officers that you had dealing with in this case, or at the scene of the crime, and what exactly your business dealings with the RISP Officers were.

**RESPONSE: Objection. Defendant objects to the extent that this request seeks materials that may be protected by the attorney-client privilege and/or work-product doctrine. Defendant objects based on the Rhode Island Law Enforcement Officers' Bill of Rights, as to conducting the investigation at the scene. Defendant objects to the extent that this request seeks information that was not kept and/or compiled in the ordinary course of business. Notwithstanding and without waiving the objections, see response to Interrogatory No. 11 above.**

*Ferreira v. Lincoln*
*C.A. No. 1:19-cv-00200-JJM-PAS*

**I am signing this Response to Interrogatories in my capacity as a *Patrol Officer* of the Lincoln Police Department. I do not have personal knowledge on the subject of all of the Responses herein. Rather, I am signing these responses, which have been compiled using information obtained from the Lincoln Police Department and/or provided by agents and/or employees of the Town of Lincoln and/or its insurer and/or its legal counsel.**

Patrol Officer Joseph Anterni

**STATE OF RHODE ISLAND**
**COUNTY OF** Providence

**Subscribed and sworn to before me on this** 18 **day of December, 2019.**

NOTARY PUBLIC
My Commission Expires 4-2-2020

As to Objections,
Defendant,
By his Attorneys,

/s/ Marc DeSisto
/s/ Patrick Burns
Marc DeSisto, Esq. (#2757)
Patrick Burns, Esq. (#10107)
DeSisto Law LLC
60 Ship Street
Providence, RI 02903
(401) 272-4442
marc@desistolaw.com
pburns@desistolaw.com

Page **11** of **12**

*Ferreira v. Lincoln*
C.A. No. 1:19-cv-00200-JJM-PAS

## CERTIFICATION OF SERVICE

I hereby certify that a true and accurate copy of the within was mailed, postage pre-paid this 19th day of December 2019, to:

Richard Ferreira, *Pro Se*
PO Box 800
Shirley, MA 01464

/s/ *Patrick Burns*