# Exhibit F

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RICHARD FERREIRA
    *Plaintiff,*

v.                                                  C.A. No. 1:19-cv-00200-JJM-PAS

TOWN OF LINCOLN, LINCOLN POLICE
DEPARTMENT, CHIEF OF POLICE,
CAPTAIN PHILLIP GOULD, DETECTIVE
LIEUTENTANT DANA L. PACKER
DETECTIVE CHRIS NIGHTINGALE
DETECTIVE GORMAN, SERGEANT
JASON BOLDUC, SERGEANT WALTER M.
PTASZEK, LPD OFFICER STEPHEN
RODRIGUES, LPD OFFICER JOSEPH ANTERNI,
LPD OFFICER LEGARE, LPD OFFICER
KINNIBURGH, LPD OFFICER SEXTON, THE
RHODE ISLAND STATE POLICE, JAMES
MANNI, SUPERINTENDENT, (RISP
DEFENDANTS UNKNOWN),
JOHN DOES 1-5
    *Defendants.*

## DEFENDANT STEPHEN RODRIGUES'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

1. Please state your full name (including any middle names) with correct spelling, and your current business address.

**RESPONSE: Stephen Alex Rodrigues, 100 Old River Road, Lincoln, RI 02865.**

2. Please state the length of time you have been employed by the Lincoln own Police Department, (LPD), or the State of Rhode Island, as a Civil Servant, listing separate periods of time you spent at each staff level, etc.

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome. Notwithstanding and without waiving the objections, I have been employed by the Lincoln Police Department for approximately 5 years. I was a Patrol Officer for 3 years and have served as the School Resource Officer at Lincoln High School for 2 years.**

3. Please list the name of each training course and its instructor, that you attended or were trained while employed by the Lincoln Police Department and/or the State of Rhode Island, as a Civil Servant.

*Ferreira v. Lincoln*
C.A. No. 1:19-cv-00200-JJM-PAS

> **RESPONSE:** Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome and includes no limitation as to time. Defendant objects to the extent that this request seeks information that was not created and/or kept and/or compiled in the ordinary course of business by the Defendant. Notwithstanding and without waiving the objections, see Defendant Lincoln Police Department's Response to Plaintiff's First Set of Interrogatories, Response No. 4, Exhibit I, bates stamped Lincoln-Interrogatories-000228 through Lincoln-Interrogatories-000231.

4. Please attach all certificates of completion you received in each training course stated above in Interrogatory #3.

> **RESPONSE:** Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome and includes no limitation as to time. Defendant objects to the extent that this request seeks information that was not created and/or kept and/or compiled in the ordinary course of business by the Defendant. Notwithstanding and without waiving the objections, see Defendant Lincoln Police Department's Response to Plaintiff's First Set of Interrogatories, Response No. 4, Exhibit I, bates stamped Lincoln-Interrogatories-000228 through Lincoln-Interrogatories-000231.

5. Please list your scholastic background.

> **RESPONSE:** Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome and includes no limitation as to time. Defendant objects to the extent that this request is vague. Notwithstanding and without waiving the objections, my scholastic background includes:
>
> **Lincoln High School, class of 1990**
>
> **B.S., Physical Education, Plymouth State College, class of 1995**
>
> **M.A., Health and Wellness, Plymouth State College, class of 1997**
>
> **Rhode Island Municipal Police Academy, class of 2014**

6. Please list all training programs which the LPD, or the State of Rhode Island, has assisted you in being accepted or trained within.

> **RESPONSE:** Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome and includes no limitation as to time. Defendant objects to the extent that this request seeks information that was not created and/or kept and/or compiled in the ordinary course of business by the Defendant. Notwithstanding and without waiving the objections, see Defendant Lincoln Police Department's Response to Plaintiff's First Set of Interrogatories, Response No. 4, Exhibit I, bates stamped Lincoln-Interrogatories-000228 through Lincoln-Interrogatories-000231.

*Ferreira v. Lincoln*
C.A. No. 1:19-cv-00200-JJM-PAS

7. Please list your job assignment(s) during the period of time referred to within the Civil Action. (State what position you held during the time period in which the Civil Action arose).

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome. Notwithstanding and without waiving the objections, I was a Patrol Officer on the midnight shift at that time.**

8. Please list you job titles and responsibilities of the job during the time period listed above in Interrogatory #7.

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome. Notwithstanding and without waiving the objections:**

As to general duties:
- A police officer is responsible for the efficient performance of required duties conforming to the oral and written administrative guidance as promulgated by the chief of police. Duties shall consist of, but are not limited to, general police responsibilities necessary to the safety and good order of the community. The police officer must apply community-oriented policing goals daily and shall thereby strive to identify problems and suggest strategies to combat problems, fully enlisting the support of citizens, other officers, and government agencies. The officer must exercise flexibility and adaptability.
- A police officer shall perform the following activities.
    - Detect crime, identify and apprehend offenders, and participate in subsequent court proceedings.
    - Reduce the opportunities for the commission of crime through preventive patrol and other crime-prevention measures.
    - Aid people who are in danger of physical harm.
    - Facilitate the movement of vehicular and pedestrian traffic.
    - Identify potential law enforcement problems.
    - Promote and preserve the peace.
    - Provide emergency services.
    - Actively promote and enlist citizen involvement in combating crime and eliminating disorder.
- The police officer position is non-supervisory. Police officer duties are performed on an assigned shift under the general guidance of a supervisory officer.

As to specific duties and responsibilities:
- Exercises authority consistent with the obligations imposed by the oath of office. Promptly obeys legitimate orders.
- Coordinates efforts with those of other members of the department so that teamwork may ensure continuity of purpose and achievement of police objectives.
- Communicates to superiors and to fellow officers all information obtained in the field which is pertinent to the achievement of police objectives.
- Responds punctually to all assignments.
- Acquires and records information concerning events that have taken place since the

- last tour of duty.
- Records activities during the tour of duty as required.
- Maintains weapons and equipment in a functional, presentable condition.
- Assists all citizens who request assistance or information.
- Accountable for the securing, receipt, and proper transporting of all evidence and property coming into custody.
- Strives to resolve non-criminal matters amicably and informally. Responds quickly and professionally to queries from the public, counsels juveniles and adults when necessary and refers them to relevant social service agencies.
- Preserves the peace at public gatherings, neighborhood or family disputes, if possible.
- Serves or delivers warrants, summonses, subpoenas, and other official papers promptly and accurately.
- Confers with prosecutors and testifies in court on any manner arising from police business.
- Accomplishes other general duties as they are assigned or become necessary.
- Cooperates and coordinates with other law-enforcement agencies, correctional institutions, and the courts.

As to specific duties and responsibilities - preventative patrol:
- Patrols an assigned area for general purposes of crime prevention and law enforcement. Patrol includes:
    - Being thoroughly familiar with the assigned route of patrol. This familiarity includes knowledge of residents, merchants, businesses, roads, alleyways, paths, reservoirs, power stations, and factories. Conditions that contribute to crime shall be reported. The location of fire boxes, telephones, and other emergency services shall be noted.
    - Apprehending offenders or wanted persons.
    - Completing detailed reports on all crimes, vehicle accidents, arrests, and other incidents requiring police attention.
    - Preserving any serious crime scene until the sergeant or investigator arrives.
    - Performing security checks of private and commercial buildings, as appropriate.
    - Observing and interrogating suspicious persons.
    - Issuing traffic citations.
    - Being alert for and reporting fires.
    - Reporting street light and traffic signals out-of-order, street hazards, and any conditions that endanger public safety.
    - Observing activities at schools, parks, and playgrounds that suggest criminality or victimization.
    - Responding to any public emergency.
- Conducts a thorough investigation of all offenses and incidents within the area of assignment. Collects evidence and records information which will aid in identification, apprehension, and prosecution of offenders, as well as the recovery of property.
- Alert to the development of conditions that foster or cause crime or which indicate criminal activity. Takes preventive action to correct such conditions, and informs supervisors as soon as the situation permits.

*Ferreira v. Lincoln*
C.A. No. 1:19-cv-00200-JJM-PAS

- Responds to situations brought to the officer's attention while in the course of patrol or when assigned by radio. Renders First Aid, when qualified, to persons who are seriously ill or injured. Assists persons needing emergency services.
- Remains in the assigned area throughout the tour of duty except when a police emergency necessitates a temporary absence, or when the sergeant or senior police officer on duty or the dispatcher has authorized a temporary absence.
- Alert for all nuisances, impediments, obstructions, defects, or other conditions that might endanger or hinder the safety, health, or convenience of the public within the patrol area, or which contribute to disorder.
- Takes proper care of an assigned patrol vehicle and attends to its routine mechanical maintenance; drives it safely and responsibly; and promptly reports and attends to defects or damage.
- Keeps radio equipment in operation at all times and remains thoroughly familiar with departmental policy concerning its use.

As to specific duties and responsibilities - traffic patrol:
- Directs and expedites the flow of traffic at assigned intersections, preventing accidents, protecting pedestrians, and ensuring the free flow of traffic.
- Enforces the parking ordinances and motor vehicle laws in the patrol areas.
- Alert to traffic safety conditions which may endanger or inconvenience the public and reports these conditions to the sergeant.
- Responds immediately when called from a traffic post to render emergency police service. Notifies the sergeant at the earliest possible opportunity.
- Wears the prescribed traffic safety clothing and equipment.

As to knowledge, skills, and abilities:
- Some knowledge of the philosophy, objectives, and methods of counseling, mediation, and community organizing; some knowledge of the fundamental principles of adolescent psychology; knowledge of police investigative techniques; general knowledge of rules of evidence and laws of search and seizure and interrogation; ability to analyze evidence; ability to question and interview skillfully; ability to organize and prepare clear and concise oral and written reports; skill in the use of firearms and police equipment; possession of physical ability and endurance; ability to establish effective working relationships with juveniles, parents, school officials, fellow workers, and the public; of good moral character.

9. Do you know the person named as the Plaintiff in this Civil Action?

**RESPONSE: No. I saw the Plaintiff during the incident, but I did not have any interaction with him.**

10. How long have you known him?

**RESPONSE: See response to Interrogatory No. 9 above.**

*Ferreira v. Lincoln*
*C.A. No. 1:19-cv-00200-JJM-PAS*

11. Please, from your perspective, fully state what you did or didn't do; state your side of the story regarding the allegations in the Civil Action.

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome. Defendant objects to the form of this request and to the extent that this request assumes facts that are in dispute. Notwithstanding and without waiving the objections:**

**On 04/29/16 at approximately 0520hrs., while at Twin River Casino with O/Legare handling a trespassing call, I was dispatched to the Courtyard Marriott at 636 Washington Highway for a report of an injured male with possible shots fired. While enroute dispatch informed us that one male had been shot and possible suspects had fled the scene.**

**Upon arrival to the Courtyard Marriott I entered the elevator to the 3rd floor when a black male wearing a blue t-shirt and dark colored jeans entered the elevator with me. The male subject later identified as Gerron Harper identified himself as a friend of the victim and did state he was present in the hotel room during the shooting. Harper could not articulate to me why he had left the scene and was now returning the hotel room. As I exited the elevator Harper became extremely upset and agitated toward the police when he observed his friend laying on the floor. O/Kinniburg, O/Sexton and O/Anterni had already been on scene placed Harper back on the elevator and O/Sexton escorted Harper to the hotel lobby.**

**I exited the elevator to the right, and observed a middle aged white male, later identified as Richard Ferreira, dressed only in his underwear laying face down in the hallway in front of Rm. 318. Ferreira was talking hysterically to his girlfriend Isabela Silva. I observed blood on top of Ferreira's head and an apparent wound on the left side of his torso. Two shell casing from a firearm were clearly visable on the rug next to the victim outside Rm.318.**

**Once the scene was cleared by the officers, I spoke to three witnesses in the adjacent hotel Rm. 316. The witnesses from Rm. 316, Colleen A. Allard, Anna Allard and Robert L. Parker all completed witness statement forms on scene. Anna Allard stated she woke up from hearing two gun shots from the room to the left of them. Anna said she observed two darker skinned individuals walk by their room to the right after the incident. Anna explained that she could hear a female screaming "Why Richie Why!", " Why would you open the door?". Anna stated that after a couple minutes she looked outside her hotel room and walked down to Rm. 318 to see what happened when the door to Rm. 318 started to open. At that point she went back to her room and could hear someone yelling for help. Anna said she went back outside to the Rm. 318 where she observed a caucasian male laying supine on the ground screaming for help. Anna said she threw him a towel and thats when the police arrived.**

**Colleen Allard stated she woke up to people screaming and yelling in the hallway, then heard a banging noise. Colleen said she could hear a hysterical female screaming "Why Richie why!". Colleen explained that after the incident she could hear people running up and down the hallway for what seemed like minutes. Parker stated that he heard two gun shots and people screaming and yelling "Why, why, why!".**

Page 6 of 11

*Ferreira v. Lincoln*
C.A. No. 1:19-cv-00200-JJM-PAS

While interviewing the witnesses, Rescue 2 arrived on scene and transported Ferreira to RI Hospital for further medical evaluation. I did a perimeter search of the immediate area for any additional evidence with negative results. The front desk clerk identified as Jonathon Santiago stated that he did not observe the suspects enter the hotel at approximately 0500hrs. The GM of the Courtyard Marriott arrived on scene a short time later and was able to use the surveillance cameras to identified two black males entering the lobby of the hotel at approximately 0505hrs.

O/Kinneberg secured the scene and had dispatch contact Detective Gorman to respond for processing. Det. Gorman arrived on scene and had Silva and Harper complete a Consent to Search form for their hotel room. Det. Gorman requested that both Harper and Silva be escorted down to the lobby and kept separated. While Silva was in the lobby area she kept asking to use the bathroom, I cleared it with the Chief and Det. Gorman, Silva was allowed to use the ladies room. Lt. Marcoux arrived on scene at approximately 0615hrs. and spoke to both Silva and Harper when they were in the lobby. Silva was transported back to LPD HQ by O/Sexton in cruiser 508 and then brought to the detective's interview room. Harper was transported a short time later to LPD HQ by O/Kinniburg in cruiser 503 and brought to the upstairs interview room for questioning. O/Anterni remained on scene. I was able to clear from the scene a short time later.

12. Please list and attach all documents, reports, and communications you received from the Plaintiff regarding this Civil Action.

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome. Defendant objects to the extent that this request seeks materials and/or information that may not have been created and/or kept and/or compiled in the ordinary course of business. Notwithstanding and without waiving the objections, I received no such material from the Plaintiff.**

13. Please list and attach all documents, reports and communications received by you (including listing of oral or wire communications) concerning the cause of this Civil Action, from any and all persons. (Any physical matter resulting from conversations you had with others concerning this Civil Action).

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome. Defendant objects to the extent that this request seeks materials and/or information that may not have been created and/or kept and/or compiled in the ordinary course of business. Defendant objects to the extent that this request seeks materials that may be protected by the attorney-client privilege and/or work-product doctrine. Notwithstanding and without waiving the objections, I communicated orally with the other officers on the scene, and also communicated orally with Chief Brian Sullivan regarding the commencement of the lawsuit and these Interrogatories.**

*Ferreira v. Lincoln*
C.A. No. 1:19-cv-00200-JJM-PAS

14. Please list the name of all persons you communicated with during the immediate period of time prior to, or at any time after the cause of action arose in this Civil Action which relates to the Civil Action.

**RESPONSE: See objections and response to Interrogatory No. 13 above.**

15. Please list and attach a copy of all LPD staff involved in the cause of action stated in the Civil Action. (Identify by name, all staff who were directly, or indirectly involved in reporting, investigating, or named as individuals who allegedly caused the action.)

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome. Defendant objects to the extent that this request seeks materials that may be protected by the attorney-client privilege and/or work-product doctrine. Notwithstanding and without waiving the objections, see Defendant Lincoln Police Department's Response to Plaintiff's First Set of Interrogatories, Response No. 15.**

16. Please list and attach a copy of all relevant LPD rules/regulations which are related to the cause of this Civil Action.

**RESPONSE: See Defendants' Response to Plaintiff's Request for Production of Documents, Response No. 3.**

17. Please state the correct dates of any, and all events in the Civil Action which are inaccurate according to your records. (Review the Civil Action and either affirm, or correct the dates listed in the Civil Action. If the dates are correct state that fact below.)

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome. Defendant objects to the form of this request and to the extent that this request assumes facts that are in dispute. Notwithstanding and without waiving the objections, all dates listed are correct.**

18. Please state whether or not you have ever been named as a Defendant in any other Civil Action.

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome and is overly broad as to time. Defendant objects to the extent that this request seeks information that was not created and/or kept and/or compiled in the ordinary course of business. Notwithstanding and without waiving the objections, as to known lawsuits, none.**

19. Please list by Court, and Docket Number, any other Civil Actions in which you have, or were named as a Defendant within.

**RESPONSE: See objections and response to Interrogatory No. 18 above.**

Page 8 of 11

*Ferreira v. Lincoln*
C.A. No. 1:19-cv-00200-JJM-PAS

20. Please state whether or not you have ever been found guilty of violating the law in any Civil Action in which you were named as a Defendant.

**RESPONSE: See objections and response to Interrogatory No. 18 above.**

21. Please list and attach a copy of any case decision or judgment in which you were found guilty of violating the law in any Civil Action in which you were named as a Defendant.

**RESPONSE: See objections and response to Response No. 18.**

22. Please state whether or not you helped secure the scene when you arrived, which LPD did according to the letter from Ms. Melissa Baldinelli (mbaldinelli@ritrust.com), attached to the complaint, dated April 3, 2019, and if you did, state in detail what you secured, and specifically whether or not you secured the Mercedes SUV belonging to the Plaintiff in this case.

**RESPONSE: Objection. Defendant objects to the extent that this request seeks materials that may be protected by the attorney-client privilege and/or work-product doctrine. Defendant objects based on the Rhode Island Law Enforcement Officers' Bill of Rights, as to conducting the investigation at the scene. Defendant objects to the extent that this request seeks information that was not kept and/or compiled in the ordinary course of business. Notwithstanding and without waiving the objections, see response to Interrogatory No. 11 above.**

23. Please state whether you secured the Mercedes SUV belonging to the Plaintiff, and if you did not, why didn't you secure this SUV.

**RESPONSE: Objection. Defendant objects based on the Rhode Island Law Enforcement Officers' Bill of Rights, as to conducting the investigation at the scene. Defendant objects to the extent that this request seeks information that was not kept and/or compiled in the ordinary course of business. Notwithstanding and without waiving the objections, see response to Interrogatory No. 11 above.**

24. Please state whether or not you, or any LPD Officer you know of, or whether the Rhode Island State Police, (RISP), secured the Mercedes SUV belonging to the Plaintiff, and had that SUV impounded, and towed to an impound lot, (provide the name of the Impound Lot, and its address).

**RESPONSE: Objection. Defendant objects to the extent that this request seeks materials that may be protected by the attorney-client privilege and/or work-product doctrine. Defendant objects based on the Rhode Island Law Enforcement Officers' Bill of Rights, as to conducting the investigation at the scene. Defendant objects to the extent that this request seeks information that was not kept and/or compiled in the ordinary course of business. Notwithstanding and without waiving the objections, I did not secure the Mercedes SUV, and I am not aware of anyone else who did so.**

*Ferreira v. Lincoln*
*C.A. No. 1:19-cv-00200-JJM-PAS*

25. Please state the names of any, and all RISP Officers that you had dealing with in this case, or at the scene of the crime, and what exactly your business dealings with the RISP Officers were.

**RESPONSE:** Objection. Defendant objects to the extent that this request seeks materials that may be protected by the attorney-client privilege and/or work-product doctrine. Defendant objects based on the Rhode Island Law Enforcement Officers' Bill of Rights, as to conducting the investigation at the scene. Defendant objects to the extent that this request seeks information that was not kept and/or compiled in the ordinary course of business. Notwithstanding and without waiving the objections, see response to Interrogatory No. 11 above.

*I am signing this Response to Interrogatories in my capacity as a Patrol Officer of the Lincoln Police Department. I do not have personal knowledge on the subject of all of the Responses herein. Rather, I am signing these responses, which have been compiled using information obtained from the Lincoln Police Department and/or provided by agents and/or employees of the Town of Lincoln and/or its insurer and/or its legal counsel.*

_____
Patrol Officer Stephen Rodrigues

**STATE OF RHODE ISLAND**
**COUNTY OF** Providence

*Subscribed and sworn to before me on this* ___16th___ *day of December,* 2019.

_____
Elizabeth A. Gagnon
NOTARY PUBLIC
My Commission Expires ___07.30___

[Notary seal: ELIZABETH A. GAGNON, NOTARY PUBLIC, STATE OF RHODE ISLAND]

*Ferreira v. Lincoln*
*C.A. No. 1:19-cv-00200-JJM-PAS*

                                As to Objections,
                                Defendant,
                                By his Attorneys,

                                */s/ Marc DeSisto*
                                */s/ Patrick Burns*
                                Marc DeSisto, Esq. (#2757)
                                Patrick Burns, Esq. (#10107)
                                DeSisto Law LLC
                                60 Ship Street
                                Providence, RI 02903
                                (401) 272-4442
                                marc@desistolaw.com
                                pburns@desistolaw.com

## CERTIFICATION OF SERVICE

I hereby certify that a true and accurate copy of the within was mailed, postage pre-paid this 19th day of December 2019, to:

Richard Ferreira, *Pro Se*
PO Box 800
Shirley, MA 01464

                                */s/ Patrick Burns*