# **Exhibit G**

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RICHARD FERREIRA
    *Plaintiff,*

v.                                                                          C.A. No. 1:19-cv-00200-JJM-PAS

TOWN OF LINCOLN, LINCOLN POLICE
DEPARTMENT, CHIEF OF POLICE,
CAPTAIN PHILIP GOULD, DETECTIVE
LIEUTENTANT DANA L. PACKER
DETECTIVE CHRIS NIGHTINGALE
DETECTIVE GORMAN, SERGEANT
JASON BOLDUC, SERGEANT WALTER M.
PTASZEK, LPD OFFICER STEPHEN
RODRIGUES, LPD OFFICER JOSEPH ANTERNI,
LPD OFFICER LEGARE, LPD OFFICER
KINNIBURGH, LPD OFFICER SEXTON, THE
RHODE ISLAND STATE POLICE, JAMES
MANNI, SUPERINTENDENT, (RISP
DEFENDANTS UNKNOWN),
JOHN DOES 1-5
    *Defendants.*

## DEFENDANT SEAN GORMAN'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

1. Please state your full name (including any middle names) with correct spelling, and your current business address.

**RESPONSE: Sean Edward Gorman, 100 Old River Road, Lincoln, RI 02865.**

2. Please state the length of time you have been employed by the Lincoln own Police Department, (LPD), or the State of Rhode Island, as a Civil Servant, listing separate periods of time you spent at each staff level, etc.

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome. Notwithstanding and without waiving the objections, I have been employed by the Lincoln Police Department for approximately 17 and a half years. I was a Patrol Officer for approximately 11 and a half years, and I have been a Detective for approximately 6 years.**

3. Please list the name of each training course and its instructor, that you attended or were trained while employed by the Lincoln Police Department and/or the State of Rhode Island, as a Civil Servant.

*Ferreira v. Lincoln*
C.A. No. 1:19-cv-00200-JJM-PAS

**RESPONSE:** Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome and includes no limitation as to time. Defendant objects to the extent that this request seeks information that was not created and/or kept and/or compiled in the ordinary course of business by the Defendant. Notwithstanding and without waiving the objections, see Exhibit A, bates stamped Gorman's Response to Plaintiff's Interrogatories 000001 to Gorman's Response to Plaintiff's Interrogatories 000023.

4. Please attach all certificates of completion you received in each training course stated above in Interrogatory #3.

**RESPONSE:** Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome and includes no limitation as to time. Defendant objects to the extent that this request seeks information that was not created and/or kept and/or compiled in the ordinary course of business by the Defendant. Notwithstanding and without waiving the objections, see Exhibit A, bates stamped Gorman's Response to Plaintiff's Interrogatories 000001 to Gorman's Response to Plaintiff's Interrogatories 000023.

5. Please list your scholastic background.

**RESPONSE:** Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome and includes no limitation as to time. Defendant objects to the extent that this request is vague. Notwithstanding and without waiving the objections, my scholastic background includes:

**Lincoln High School, class of 1990**

**B.S., Business Administration, University of Rhode Island, class of 1994**

**Rhode Island School of Design, class of 1997**

**Rhode Island Municipal Police Academy, class of 2002**

**Master's Degree in Criminal Justice & Cybercrime, Boston University, class of 2017**

6. Please list all training programs which the LPD, or the State of Rhode Island, has assisted you in being accepted or trained within.

**RESPONSE:** Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome and includes no limitation as to time. Defendant objects to the extent that this request seeks information that was not created and/or kept and/or compiled in the ordinary course of business by the Defendant. Notwithstanding and without waiving the objections, see Exhibit A, bates stamped Gorman's Response to Plaintiff's Interrogatories 000001 to Gorman's Response to Plaintiff's Interrogatories 000023.

*Ferreira v. Lincoln*
*C.A. No. 1:19-cv-00200-JJM-PAS*

7. Please list your job assignment(s) during the period of time referred to within the Civil Action. (State what position you held during the time period in which the Civil Action arose).

**RESPONSE: Objection.** Defendant objects to the extent that this request is overly broad and unduly burdensome. Notwithstanding and without waiving the objections, I was a Detective at the time.

8. Please list you job titles and responsibilities of the job during the time period listed above in Interrogatory #7.

**RESPONSE: Objection.** Defendant objects to the extent that this request is overly broad and unduly burdensome. Notwithstanding and without waiving the objections, the duties and responsibilities of the position of Detective are as follows:

As to general duties:
- Assignments received usually consist of specific cases to be followed to conclusion, normally closing with the preparation of a case for prosecution. This aspect of the work distinguishes the investigator from other police personnel who make preliminary investigations of cases at the scene of the crime.
- The investigator's position is non-supervisory and consists of general duties performed in conjunction with patrol duties. The investigator must use independent judgment and discretion, as direct supervision may not be available.

As to specific duties:
- Investigates all assigned cases to the standard established by the department.
- Demonstrates skills in interviewing and interrogating, properly observing legal safeguards.
- Testifies in various state and federal courts, presenting a professional and competent image of the department.
- Develops and maintains case files and other paperwork appropriate to investigative matters. Knowledgeable about relevant legal processes such as grand juries and obtaining warrants.
- Informs the chief of police about all investigative responsibilities and particularly the status of cases.
- Maintains liaison with investigators of the other agencies, court personnel, and correctional officials on matters of mutual concern.
- Performs <u>all</u> duties required of police officers.
- Actively promotes crime-prevention strategies and methods. Knowledgeably advises citizens and businesses on crime prevention.
- Performs other duties as assigned.

As to knowledge, skills, and abilities:
- Extensive knowledge of police investigative methods and techniques of identification; extensive knowledge of rules of evidence and the law of interrogation and search and seizure; knowledge of local geography; ability to analyze evidence; ability to question and interview skillfully; ability to organize and prepare clear and concise reports; skill

*Ferreira v. Lincoln*
C.A. No. 1:19-cv-00200-JJM-PAS

**in the use of police equipment; physically fit.**

9. Do you know the person named as the Plaintiff in this Civil Action?

**RESPONSE: No.**

10. How long have you known him?

**RESPONSE: See response to Interrogatory No. 9 above.**

11. Please, from your perspective, fully state what you did or didn't do; state your side of the story regarding the allegations in the Civil Action.

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome. Defendant objects to the form of this request and to the extent that this request assumes facts that are in dispute. Notwithstanding and without waiving the objections:**

**On 04/29/16 at approximately 0540hrs, I responded to the Courtyard Marriott at 636 Washington Highway for a report of a shooting that occurred an hour earlier.**

**Upon arrival to the Courtyard Marriott I entered the elevator to the 3rd floor and observed Gerron Harper and Isabela Silva (a.k.a. "Bella") speaking with officers (O/Kinniburgh, O/Sexton, O/Rodriguez). All of the aforementioned parties were staged near the soda machine area of the 3rd floor. O/Kinniburgh explained that an incident occurred in Room 318 of the Courtyard Marriott where an altercation took place and a victim, Richard Ferreira (a.k.a. "Richie"), was possibly shot in the stomach and face. At this time, I immediately set up a perimeter and confirmed that only one room (320) was occupied at the time. The occupant of 320 was notified to stay in their room until they could safely be moved by the hotel. At this time I requested that O/Anterni start a log of all people that were in the room prior to my arrival, entered the crime scene during processing and even exited the elevator and inquired about the incident. As I began to process the scene, I observed a large amount of blood on the carpet in front of the room and two shell casings from a firearm clearly visible on the rug directly in front of Rm.318.**

**At this time I spoke with Silva and Harper who stated that they were in the room sleeping after checking in around 3:00am. Silva stated she was sleeping on the chair in the room and Harper stated he was on the bed when they heard Ferreira (Richie) yell and then heard two gun shots. Both stated that they jumped up to see two "figures" running out of the room and Ferreira stumbling backwards into the room. Harper state that he grabbed Ferreira and asked him what happened to which Ferreira stated "I'm dying man!" Harper stated that there was a large amount of blood around Ferreira's head, face and stomach so he believed that Ferreira got shot in the face and stomach. Harper stated that Silva (Bella) yelled at him to "Run!" in fear that the shooters would come back so he took the elevator downstairs and walked out of the front door. Silva stated**

*Ferreira v. Lincoln*
*C.A. No. 1:19-cv-00200-JJM-PAS*

she remained in the room and covered Ferreira with a comforter from the bed until she also ran downstairs in order to look for help. Silva stated that she then observed Officers with their guns drawn on Harper and yelled that he was not the suspect and that they may still be in the hotel. Stories then began to vary as to where Harper and Silva went after police began searching for suspects, however a short time later both arrived back upstairs on the 3rd floor to check on Ferreira.

After briefly speaking with the witnesses, I began to photograph the scene starting with view from the elevator. I then moved into the room where I observed more blood on the carpet and walls. I also began observing teeth located on the carpet outside and inside the entrance way into the room. As I proceeded into the room, I observed a pile of items (including two cellular phones) in the middle of the room on the rug. I also observed a baggie of white powdery substance and a similar empty baggie, located on the desk in the front of the room near the TV cabinet. At this time, Chief Sullivan arrived on scene and informed me that the RI State Police were en route and would then be in charge of the scene. I then exited the room and awaited their arrival. A short time later, the scene was turned over to Det. Lt. Grassel and Det. Sgt. DeMarco from the RI State Police.

Later in the day, Det. Tilson and I responded back to the Courtyard Marriott and field tested the aforementioned white substance which had been seized by the RI State Police. The substance tested positive for heroin. At this time, it was determined that all three occupants of the room would be charged with Possession of a Controlled Substance classified as Heroin.

12. Please list and attach all documents, reports, and communications you received from the Plaintiff regarding this Civil Action.

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome. Defendant objects to the extent that this request seeks materials and/or information that may not have been created and/or kept and/or compiled in the ordinary course of business. Notwithstanding and without waiving the objections, I received no such material from the Plaintiff.**

13. Please list and attach all documents, reports and communications received by you (including listing of oral or wire communications) concerning the cause of this Civil Action, from any and all persons. (Any physical matter resulting from conversations you had with others concerning this Civil Action).

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome. Defendant objects to the extent that this request seeks materials and/or information that may not have been created and/or kept and/or compiled in the ordinary course of business. Defendant objects to the extent that this request seeks materials that may be protected by the attorney-client privilege and/or work-product doctrine. Notwithstanding and without waiving the objections, I received the complaint and summons in this matter. I communicated orally with Chief Brian Sullivan regarding the existence of this lawsuit and these Interrogatories.**

14. Please list the name of all persons you communicated with during the immediate period of time prior to, or at any time after the cause of action arose in this Civil Action which relates to the Civil Action.

**RESPONSE: See objections and response to Interrogatory No. 13 above.**

15. Please list and attach a copy of all LPD staff involved in the cause of action stated in the Civil Action. (Identify by name, all staff who were directly, or indirectly involved in reporting, investigating, or named as individuals who allegedly caused the action.)

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome. Defendant objects to the extent that this request seeks materials that may be protected by the attorney-client privilege and/or work-product doctrine. Notwithstanding and without waiving the objections, see Defendant Lincoln Police Department's Response to Plaintiff's First Set of Interrogatories, Response No. 15.**

16. Please list and attach a copy of all relevant LPD rules/regulations which are related to the cause of this Civil Action.

**RESPONSE: See Defendants' Response to Plaintiff's Request for Production of Documents, Response No. 3.**

17. Please state the correct dates of any, and all events in the Civil Action which are inaccurate according to your records. (Review the Civil Action and either affirm, or correct the dates listed in the Civil Action. If the dates are correct state that fact below.)

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome. Defendant objects to the form of this request and to the extent that this request assumes facts that are in dispute. Notwithstanding and without waiving the objections, all dates listed are correct.**

18. Please state whether or not you have ever been named as a Defendant in any other Civil Action.

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome and is overly broad as to time. Defendant objects to the extent that this request seeks information that was not created and/or kept and/or compiled in the ordinary course of business. Notwithstanding and without waiving the objections, as to known lawsuits:**

**Finn v. Town of Lincoln, et al. (PC-2013-0413), Rhode Island Superior Court, Providence County**

19. Please list by Court, and Docket Number, any other Civil Actions in which you have, or were named as a Defendant within.

*Ferreira v. Lincoln*
C.A. No. 1:19-cv-00200-JJM-PAS

**RESPONSE: See objections and response to Interrogatory No. 18 above.**

20. Please state whether or not you have ever been found guilty of violating the law in any Civil Action in which you were named as a Defendant.

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome and is overly broad as to time. Defendant objects to the extent that this request seeks information that was not created and/or kept and/or compiled in the ordinary course of business. Notwithstanding and without waiving the objections, no.**

21. Please list and attach a copy of any case decision or judgment in which you were found guilty of violating the law in any Civil Action in which you were named as a Defendant.

**RESPONSE: See objections and response to Interrogatory No. 20 above.**

22. Please state whether or not you helped secure the scene when you arrived, which LPD did according to the letter from Ms. Melissa Baldinelli (mbaldinelli@ritrust.com), attached to the complaint, dated April 3, 2019, and if you did, state in detail what you secured, and specifically whether or not you secured the Mercedes SUV belonging to the Plaintiff in this case.

**RESPONSE: Objection. Defendant objects to the extent that this request seeks materials that may be protected by the attorney-client privilege and/or work-product doctrine. Defendant objects based on the Rhode Island Law Enforcement Officers' Bill of Rights, as to conducting the investigation at the scene. Defendant objects to the extent that this request seeks information that was not kept and/or compiled in the ordinary course of business. Notwithstanding and without waiving the objections, see response to Interrogatory No. 11 above.**

23. Please state whether you secured the Mercedes SUV belonging to the Plaintiff, and if you did not, why didn't you secure this SUV.

**RESPONSE: Objection. Defendant objects based on the Rhode Island Law Enforcement Officers' Bill of Rights, as to conducting the investigation at the scene. Defendant objects to the extent that this request seeks information that was not kept and/or compiled in the ordinary course of business. Notwithstanding and without waiving the objections, see response to Interrogatory No. 11 above.**

24. Please state whether or not you, or any LPD Officer you know of, or whether the Rhode Island State Police, (RISP), secured the Mercedes SUV belonging to the Plaintiff, and had that SUV impounded, and towed to an impound lot, (provide the name of the Impound Lot, and its address).

**RESPONSE: Objection. Defendant objects to the extent that this request seeks materials that may be protected by the attorney-client privilege and/or work-product doctrine.**

*Ferreira v. Lincoln*
*C.A. No. 1:19-cv-00200-JJM-PAS*

**Defendant objects based on the Rhode Island Law Enforcement Officers' Bill of Rights, as to conducting the investigation at the scene. Defendant objects to the extent that this request seeks information that was not kept and/or compiled in the ordinary course of business. Notwithstanding and without waiving the objections, I did not secure the Mercedes SUV, and I am not aware of anyone else who did so.**

25. Please state the names of any, and all RISP Officers that you had dealing with in this case, or at the scene of the crime, and what exactly your business dealings with the RISP Officers were.

**RESPONSE: Objection. Defendant objects to the extent that this request seeks materials that may be protected by the attorney-client privilege and/or work-product doctrine. Defendant objects based on the Rhode Island Law Enforcement Officers' Bill of Rights, as to conducting the investigation at the scene. Defendant objects to the extent that this request seeks information that was not kept and/or compiled in the ordinary course of business. Notwithstanding and without waiving the objections, see response to Interrogatory No. 11 above.**

*I am signing this Response to Interrogatories in my capacity as a Patrol Officer of the Lincoln Police Department. I do not have personal knowledge on the subject of all of the Responses herein. Rather, I am signing these responses, which have been compiled using information obtained from the Lincoln Police Department and/or provided by agents and/or employees of the Town of Lincoln and/or its insurer and/or its legal counsel.*

Detective Sean Gorman

**STATE OF RHODE ISLAND**
**COUNTY OF** PROVIDENCE

*Subscribed and sworn to before me on this* 8TH *day of January, 2020.*

NOTARY PUBLIC
My Commission Expires 07-30-2021

Page **8** of **9**

*Ferreira v. Lincoln*
C.A. No. 1:19-cv-00200-JJM-PAS

            As to Objections,
            Defendant,
            By his Attorneys,

            /s/ Marc DeSisto
            /s/ Patrick Burns
            Marc DeSisto, Esq. (#2757)
            Patrick Burns, Esq. (#10107)
            DeSisto Law LLC
            60 Ship Street
            Providence, RI 02903
            (401) 272-4442
            marc@desistolaw.com
            pburns@desistolaw.com

## CERTIFICATION OF SERVICE

  I hereby certify that a true and accurate copy of the within was mailed, postage pre-paid this 15th day of January 2020, to:

Richard Ferreira, *Pro Se*
PO Box 800
Shirley, MA 01464

            /s/ Patrick Burns