# **<u>Exhibit H</u>**

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RICHARD FERREIRA
*Plaintiff,*

v.

C.A. No. 1:19-cv-00200-JJM-PAS

TOWN OF LINCOLN, LINCOLN POLICE DEPARTMENT, CHIEF OF POLICE, CAPTAIN PHILLIP GOULD, DETECTIVE LIEUTENTANT DANA L. PACKER DETECTIVE CHRIS NIGHTINGALE DETECTIVE GORMAN, SERGEANT JASON BOLDUC, SERGEANT WALTER M. PTASZEK, LPD OFFICER STEPHEN RODRIGUES, LPD OFFICER JOSEPH ANTERNI, LPD OFFICER LEGARE, LPD OFFICER KINNIBURGH, LPD OFFICER SEXTON, THE RHODE ISLAND STATE POLICE, JAMES MANNI, SUPERINTENDENT, (RISP DEFENDANTS UNKNOWN), JOHN DOES 1-5
*Defendants.*

## DEFENDANT CHIEF OF POLICE'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

1. Please state your full name (including any middle names) with correct spelling, and your current business address.

**RESPONSE: Brian William Sullivan, 100 Old River Road, Lincoln, RI 02865.**

2. Please state the length of time you have been employed by the Lincoln own Police Department, (LPD), or the State of Rhode Island, as a Civil Servant, listing separate periods of time you spent at each staff level, etc.

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome. Notwithstanding and without waiving the objections, I have been employed by the Lincoln Police Department for 31 years. I was sworn in on 06/20/88, became a Patrolman on 06/29/92, was promoted to Sergeant on 04/22/98, was promoted to Lieutenant on 01/05/00, was promoted to Deputy Chief on 08/30/02, and was promoted to Chief on 04/14/08.**

*Ferreira v. Lincoln*
C.A. No. 1:19-cv-00200-JJM-PAS

> 3. Please list the name of each training course and its instructor, that you attended or were trained while employed by the Lincoln Police Department and/or the State of Rhode Island, as a Civil Servant.

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome and includes no limitation as to time. Defendant objects to the extent that this request seeks information that was not created and/or kept and/or compiled in the ordinary course of business by the Defendant. Notwithstanding and without waiving the objections, see Defendant Lincoln Police Department's Response to Plaintiff's First Set of Interrogatories, Response No. 4, Exhibit B, bates stamped Lincoln-Interrogatories-000004 through Lincoln-Interrogatories-000116.**

> 4. Please attach all certificates of completion you received in each training course stated above in Interrogatory #3.

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome and includes no limitation as to time. Defendant objects to the extent that this request seeks information that was not created and/or kept and/or compiled in the ordinary course of business by the Defendant. Notwithstanding and without waiving the objections, see Defendant Lincoln Police Department's Response to Plaintiff's First Set of Interrogatories, Response No. 4, Exhibit B, bates stamped Lincoln-Interrogatories-000004 through Lincoln-Interrogatories-000116.**

> 5. Please list your scholastic background.

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome and includes no limitation as to time. Defendant objects to the extent that this request is vague. Notwithstanding and without waiving the objections, my scholastic background includes:**

**Lincoln High School, class of 1978**

**Bachelor's Degree in Administration of Justice, Shippensburg State College, class of 1982**

**M.S., Administration of Justice, Salve Regina University, class of 2015**

**Rhode Island Municipal Police Academy, class of June 1988**

> 6. Please list all training programs which the LPD, or the State of Rhode Island, has assisted you in being accepted or trained within.

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome and includes no limitation as to time. Defendant objects to the extent that this request seeks information that was not created and/or kept and/or compiled in the ordinary course of business by the Defendant. Notwithstanding and without waiving the objections, see Defendant Lincoln Police Department's Response to Plaintiff's First Set**

*Ferreira v. Lincoln*
C.A. No. 1:19-cv-00200-JJM-PAS

of Interrogatories, Response No. 4, Exhibit B, bates stamped Lincoln-Interrogatories-000004 through Lincoln-Interrogatories-000116.

7. Please list your job assignment(s) during the period of time referred to within the Civil Action. (State what position you held during the time period in which the Civil Action arose).

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome. Notwithstanding and without waiving the objections, I held the position of Chief of Police at the time.**

8. Please list you job titles and responsibilities of the job during the time period listed above in Interrogatory #7.

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome. Notwithstanding and without waiving the objections:**

**As to general duties:**
- The chief of police is the chief executive officer of the department and the final authority in all matters of policy, operations, and discipline. He or she exercises all lawful powers of his office and issues lawful orders as necessary for the effective performance of the department. The chief issues written policies. The chief has general charge of the office and all property of the department.
- Through the chief of police the department is responsible for planning, directing, coordinating, controlling, and staffing all functions of the department. He or she is also responsible for its efficient operation and for the department's relations with local citizens, the local government, and other related agencies. The chief is responsible for the training of all members of the department.
- The chief and all supervisory personnel shall strive to achieve the following goals:
    o Develop partnerships with citizens, other governmental agencies, including law-enforcement agencies.
    o Enhance the quality of life in the community through the use of problem-solving approaches to reduce crime and the fear of crime.
    o Foster mutual accountability for police resources and strategies among citizens, members of the department, and the town council.
    o Develop a public-service orientation in performing all police tasks.

**As to specific duties and responsibilities:**
- As necessary, makes recommendations for the adoption of new town or county ordinances or the amendment of existing ones.
- Devises administrative guidance and promulgates it both orally and in writing. Creates and maintains a manual of orders including policies, rules and regulations, and general orders.
- Supervises the maintenance and good order of vehicles and equipment.
- Prepares periodic and special reports as may be directed and/or required, for administrative and operational purposes and ensures that adequate records are

- maintained of all department activities. In particular, ensures that reports are properly stored or archived consistent with state regulations.
- Controls the expenditure of department appropriations and prepares an annual budget.
- Plans, coordinates, or administers training of employees in policies, rules and regulations, and general orders, in the performance of their duties thereby, and in proper use of equipment.
- Cooperates with other law enforcement agencies in the apprehension and detention of wanted persons.
- Accepts complaints or inquiries about police service and conducts internal investigations as appropriate. Investigates all cases of alleged or apparent misconduct by employees.
- Attends civic and school meetings to explain the activities and functions of the police department, and to establish partnerships, and devise solutions for community problems.
- Ensures compliance with all laws which the department has the authority to enforce.
- Organizes, directs, and controls all resources of the department to preserve the peace, protect persons and property, and enforce the law.
- Establishes a routine of shifts and daily duties to be performed by employees. Designates a chain of command.
- Assigns, details, or transfers any member or employee of the department to or from any assignment whenever necessary for the efficiency, discipline, or morale of the department.
- Supervises the safekeeping of all evidence and any property recovered, found, or confiscated.
- Maintains personnel records to include performance evaluations, background investigation results, complaints, awards, and leave balances.
- Actively promotes crime-prevention strategies and methods. Knowledgeably advises citizens and businesses on crime prevention.

As to knowledge, skills, and abilities:
- Comprehensive knowledge of scientific methods of crime detection, criminal identification, and radio communication; comprehensive knowledge of controlling laws, court decisions, and ordinances; thorough knowledge of the geography of the town; demonstrated ability to lead and direct police officers; ability to maintain cooperative relationships with other town officials and with the general public; ability to evaluate police effectiveness and to institute improvements to police business; ability to recruit, screen, and hire officers; physically fit; ability to prepare and review reports; resourcefulness and sound judgment; demonstrated integrity and good moral character; tact; ability to draft policies.

9. Do you know the person named as the Plaintiff in this Civil Action?

**RESPONSE: No.**

10. How long have you known him?

*Ferreira v. Lincoln*
*C.A. No. 1:19-cv-00200-JJM-PAS*

**RESPONSE:** See response to Interrogatory No. 9 above.

11. Please, from your perspective, fully state what you did or didn't do; state your side of the story regarding the allegations in the Civil Action.

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad. Notwithstanding and without waiving the objection, I responded to the Marriot in the early morning hours on April 29, 2016. I met with Detective Sean Gorman, received a briefing as to what took place, and reached out to the Rhode Island State Police for assistance and processing. I remained in the hallway of the third floor and did not enter the room where the incident occurred. I later spoke with Captain Phillip Gould and the Rhode Island State Police to discuss the matter further.**

12. Please list and attach all documents, reports, and communications you received from the Plaintiff regarding this Civil Action.

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome. Defendant objects to the extent that this request seeks materials and/or information that may not have been created and/or kept and/or compiled in the ordinary course of business. Notwithstanding and without waiving the objections, the Plaintiff sent an APRA request to the Lincoln Police Department, which was transferred to Anthony DeSisto, the Town Solicitor. The department also received packages containing Plaintiff's discovery requests.**

13. Please list and attach all documents, reports and communications received by you (including listing of oral or wire communications) concerning the cause of this Civil Action, from any and all persons. (Any physical matter resulting from conversations you had with others concerning this Civil Action).

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome. Defendant objects to the extent that this request seeks materials and/or information that may not have been created and/or kept and/or compiled in the ordinary course of business. Defendant objects to the extent that this request seeks materials that may be protected by the attorney-client privilege and/or work-product doctrine. Notwithstanding and without waiving the objections, I communicated orally with Town Solicitor Anthony DeSisto, the Rhode Island Interlocal Risk Management Trust, and the Town Administrator. Defendant reserves the right to supplement this response.**

14. Please list the name of all persons you communicated with during the immediate period of time prior to, or at any time after the cause of action arose in this Civil Action which relates to the Civil Action.

**RESPONSE:** See Interrogatory Response No. 13.

*Ferreira v. Lincoln*
C.A. No. 1:19-cv-00200-JJM-PAS

15. Please list and attach a copy of all LPD staff involved in the cause of action stated in the Civil Action. (Identify by name, all staff who were directly, or indirectly involved in reporting, investigating, or named as individuals who allegedly caused the action.)

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome. Defendant objects to the extent that this request seeks materials that may be protected by the attorney-client privilege and/or work-product doctrine. Notwithstanding and without waiving the objections, see Defendant Lincoln Police Department's Response to Plaintiff's First Set of Interrogatories, response no. 15.**

16. Please list and attach a copy of all relevant LPD rules/regulations which are related to the cause of this Civil Action.

**RESPONSE: See Defendants' Response to Plaintiff's Request for Production of Documents, Response No. 3.**

17. Please state the correct dates of any, and all events in the Civil Action which are inaccurate according to your records. (Review the Civil Action and either affirm, or correct the dates listed in the Civil Action. If the dates are correct state that fact below.)

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome. Defendant objects to the form of this request and to the extent that this request assumes facts that are in dispute. Notwithstanding and without waiving the objections, all dates listed are correct.**

18. Please state whether or not you have ever been named as a Defendant in any other Civil Action.

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome and is overly broad as to time. Defendant objects to the extent that this request seeks information that was not created and/or kept and/or compiled in the ordinary course of business. Notwithstanding and without waiving the objections, as to known lawsuits:**

**Finn v. Town of Lincoln, et al. (PC-2013-0413), Rhode Island Superior Court, Providence County**

**Lima v. Town of Lincoln, et al. (10-524ML), United States District Court for the District of Rhode Island**

**Lorea v. Town of Lincoln, et al. (10-312S), United States District Court for the District of Rhode Island**

**Brunelle v. Lincoln Police Department, et al. (PC-2009-3831), Rhode Island Superior Court, Providence County**

*Ferreira v. Lincoln*
C.A. No. 1:19-cv-00200-JJM-PAS

19. Please list by Court, and Docket Number, any other Civil Actions in which you have, or were named as a Defendant within.

**RESPONSE: See objections and response to Interrogatory No. 18 above.**

20. Please state whether or not you have ever been found guilty of violating the law in any Civil Action in which you were named as a Defendant.

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome and is overly broad as to time. Defendant objects to the extent that this request seeks information that was not created and/or kept and/or compiled in the ordinary course of business. Notwithstanding and without waiving the objections, no.**

21. Please list and attach a copy of any case decision or judgment in which you were found guilty of violating the law in any Civil Action in which you were named as a Defendant.

**RESPONSE: See objections and response to Interrogatory No. 20 above.**

22. Please state whether or not you helped secure the scene when you arrived, which LPD did according to the letter from Ms. Melissa Baldinelli (mbaldinelli@ritrust.com), attached to the complaint, dated April 3, 2019, and if you did, state in detail what you secured, and specifically whether or not you secured the Mercedes SUV belonging to the Plaintiff in this case.

**RESPONSE: Objection. Defendant objects to the extent that this request seeks materials that may be protected by the attorney-client privilege and/or work-product doctrine. Defendant objects based on the Rhode Island Law Enforcement Officers' Bill of Rights, as to conducting the investigation at the scene. Defendant objects to the extent that this request seeks information that was not kept and/or compiled in the ordinary course of business. Notwithstanding and without waiving the objections, I did not secure the scene when I arrived.**

23. Please state whether you secured the Mercedes SUV belonging to the Plaintiff, and if you did not, why didn't you secure this SUV.

**RESPONSE: Objection. Defendant objects based on the Rhode Island Law Enforcement Officers' Bill of Rights, as to conducting the investigation at the scene. Defendant objects to the extent that this request seeks information that was not kept and/or compiled in the ordinary course of business. Notwithstanding and without waiving the objections, I did not secure the Mercedes SUV because I was not aware of its existence at that time.**

24. Please state whether or not you, or any LPD Officer you know of, or whether the Rhode Island State Police, (RISP), secured the Mercedes SUV belonging to the Plaintiff, and had that SUV impounded, and towed to an impound lot, (provide the name of the Impound Lot, and its address).

*Ferreira v. Lincoln*
*C.A. No. 1:19-cv-00200-JJM-PAS*

**RESPONSE:** Objection. Defendant objects to the extent that this request seeks materials that may be protected by the attorney-client privilege and/or work-product doctrine. Defendant objects based on the Rhode Island Law Enforcement Officers' Bill of Rights, as to conducting the investigation at the scene. Defendant objects to the extent that this request seeks information that was not kept and/or compiled in the ordinary course of business. Notwithstanding and without waiving the objections, I do not know of any individual who secured the Mercedes SUV. I know generally that the Rhode Island State Police secured the scene.

25. Please state the names of any, and all RISP Officers that you had dealing with in this case, or at the scene of the crime, and what exactly your business dealings with the RISP Officers were.

**RESPONSE:** Objection. Defendant objects to the extent that this request seeks materials that may be protected by the attorney-client privilege and/or work-product doctrine. Defendant objects based on the Rhode Island Law Enforcement Officers' Bill of Rights, as to conducting the investigation at the scene. Defendant objects to the extent that this request seeks information that was not kept and/or compiled in the ordinary course of business. Notwithstanding and without waiving the objections, I spoke with Captain Matt Moynihan regarding release of information to the press.

*I am signing this Response to Interrogatories in my capacity as Chief of the Lincoln Police Department. I do not have personal knowledge on the subject of all of the Responses herein. Rather, I am signing these responses, which have been compiled using information obtained from the Lincoln Police Department and/or provided by agents and/or employees of the Town of Lincoln and/or its insurer and/or its legal counsel.*

_____
Chief Brian Sullivan

**STATE OF RHODE ISLAND**
**COUNTY OF** Providence

*Subscribed and sworn to before me on this* ___16th___ *day of December, 2019.*

_____
NOTARY PUBLIC
My Commission Expires ___07-30-21___

Page **8** of 9

                              As to Objections,
                              Defendant,
                              By his Attorneys,

*/s/ Marc DeSisto*
*/s/ Patrick Burns*
Marc DeSisto, Esq. (#2757)
Patrick Burns, Esq. (#10107)
DeSisto Law LLC
60 Ship Street
Providence, RI 02903
(401) 272-4442
marc@desistolaw.com
pburns@desistolaw.com


## CERTIFICATION OF SERVICE

I hereby certify that a true and accurate copy of the within was mailed, postage pre-paid this 19th day of December 2019, to:

Richard Ferreira, *Pro Se*
PO Box 800
Shirley, MA 01464

                              */s/ Patrick Burns*