# **<u>Exhibit I</u>**

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RICHARD FERREIRA
    *Plaintiff,*

v.                                                              C.A. No. 1:19-cv-00200-JJM-PAS

TOWN OF LINCOLN, LINCOLN POLICE
DEPARTMENT, CHIEF OF POLICE,
CAPTAIN PHILIP GOULD, DETECTIVE
LIEUTENTANT DANA L. PACKER
DETECTIVE CHRIS NIGHTINGALE
DETECTIVE GORMAN, SERGEANT
JASON BOLDUC, SERGEANT WALTER M.
PTASZEK, LPD OFFICER STEPHEN
RODRIGUES, LPD OFFICER JOSEPH ANTERNI,
LPD OFFICER LEGARE, LPD OFFICER
KINNIBURGH, LPD OFFICER SEXTON, THE
RHODE ISLAND STATE POLICE, JAMES
MANNI, SUPERINTENDENT, (RISP
DEFENDANTS UNKNOWN),
JOHN DOES 1-5
    *Defendants.*

## DEFENDANT PHILIP GOULD'S RESPONSE TO
## PLAINTIFF'S FIRST SET OF INTERROGATORIES

1. Please state your full name (including any middle names) with correct spelling, and your current business address.

**RESPONSE: Philip Grant Gould, 100 Old River Road, Lincoln, RI 02865.**

2. Please state the length of time you have been employed by the Lincoln own Police Department, (LPD), or the State of Rhode Island, as a Civil Servant, listing separate periods of time you spent at each staff level, etc.

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome. Notwithstanding and without waiving the objections, I have been employed by the Lincoln Police Department for approximately 27 years. I spent approximately 13 years as a Patrol Officer, approximately 4 years as a Sergeant, and approximately 4 years as a Lieutenant. I have been a Captain for approximately 6 years.**

3. Please list the name of each training course and its instructor, that you attended or were trained while employed by the Lincoln Police Department and/or the State of Rhode Island, as a Civil Servant.

*Ferreira v. Lincoln*
*C.A. No. 1:19-cv-00200-JJM-PAS*

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome and includes no limitation as to time. Defendant objects to the extent that this request seeks information that was not created and/or kept and/or compiled in the ordinary course of business by the Defendant. Notwithstanding and without waiving the objections, see Exhibit A, bates stamped Gould's Response to Plaintiff's Interrogatories 000001 to Gould's Response to Plaintiff's Interrogatories 000036.**

    4. Please attach all certificates of completion you received in each training course stated above in Interrogatory #3.

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome and includes no limitation as to time. Defendant objects to the extent that this request seeks information that was not created and/or kept and/or compiled in the ordinary course of business by the Defendant. Notwithstanding and without waiving the objections, see Exhibit A, bates stamped Gould's Response to Plaintiff's Interrogatories 000001 to Gould's Response to Plaintiff's Interrogatories 000036.**

    5. Please list your scholastic background.

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome and includes no limitation as to time. Defendant objects to the extent that this request is vague. Notwithstanding and without waiving the objections, my scholastic background includes:**

**Burrillville High School, class of 1988**

**Associate's Degree, Community College of Rhode Island, class of 1991**

**Rhode Island Municipal Police Academy, class of 1992**

**B.S., Criminal Justice, Roger Williams University, class of 1998**

**MPA, Anna Maria College, class of 2016**

    6. Please list all training programs which the LPD, or the State of Rhode Island, has assisted you in being accepted or trained within.

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome and includes no limitation as to time. Defendant objects to the extent that this request seeks information that was not created and/or kept and/or compiled in the ordinary course of business by the Defendant. Notwithstanding and without waiving the objections, see Exhibit A, bates stamped Gould's Response to Plaintiff's Interrogatories 000001 to Gould's Response to Plaintiff's Interrogatories 000036.**

*Ferreira v. Lincoln*
*C.A. No. 1:19-cv-00200-JJM-PAS*

7. Please list your job assignment(s) during the period of time referred to within the Civil Action. (State what position you held during the time period in which the Civil Action arose).

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome. Notwithstanding and without waiving the objections, I held the position of Captain at the time.**

8. Please list you job titles and responsibilities of the job during the time period listed above in Interrogatory #7.

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome. Notwithstanding and without waiving the objections, my duties and responsibilities included oversight of the Department's policies and procedures. I was also responsible for planning, training, and accreditation within the Department, and I also served as the public information officer.**

9. Do you know the person named as the Plaintiff in this Civil Action?

**RESPONSE: No.**

10. How long have you known him?

**RESPONSE: See response to Interrogatory No. 9 above.**

11. Please, from your perspective, fully state what you did or didn't do; state your side of the story regarding the allegations in the Civil Action.

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome. Defendant objects to the form of this request and to the extent that this request assumes facts that are in dispute. Notwithstanding and without waiving the objections, when I responded to the Marriott, the scene was already secured. I remained in the lobby of the Marriott, and then provided a statement to the assembled press outside the entrance to the hotel with Trooper Matthew Moynihan from the Rhode Island State Police.**

12. Please list and attach all documents, reports, and communications you received from the Plaintiff regarding this Civil Action.

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome. Defendant objects to the extent that this request seeks materials and/or information that may not have been created and/or kept and/or compiled in the ordinary course of business. Notwithstanding and without waiving the objections, I received no such material from the Plaintiff.**

13. Please list and attach all documents, reports and communications received by you (including listing of oral or wire communications) concerning the cause of this Civil Action, from any

*Ferreira v. Lincoln*
*C.A. No. 1:19-cv-00200-JJM-PAS*

and all persons. (Any physical matter resulting from conversations you had with others concerning this Civil Action).

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome. Defendant objects to the extent that this request seeks materials and/or information that may not have been created and/or kept and/or compiled in the ordinary course of business. Defendant objects to the extent that this request seeks materials that may be protected by the attorney-client privilege and/or work-product doctrine. Notwithstanding and without waiving the objections, I communicated verbally with Chief Brian Sullivan regarding the existence of this lawsuit and these Interrogatories.**

14. Please list the name of all persons you communicated with during the immediate period of time prior to, or at any time after the cause of action arose in this Civil Action which relates to the Civil Action.

**RESPONSE: See objections and response to Interrogatory No. 13 above.**

15. Please list and attach a copy of all LPD staff involved in the cause of action stated in the Civil Action. (Identify by name, all staff who were directly, or indirectly involved in reporting, investigating, or named as individuals who allegedly caused the action.)

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome. Defendant objects to the extent that this request seeks materials that may be protected by the attorney-client privilege and/or work-product doctrine. Notwithstanding and without waiving the objections, see Defendant Lincoln Police Department's Response to Plaintiff's First Set of Interrogatories, Response No. 15.**

16. Please list and attach a copy of all relevant LPD rules/regulations which are related to the cause of this Civil Action.

**RESPONSE: See Defendants' Response to Plaintiff's Request for Production of Documents, Response No. 3.**

17. Please state the correct dates of any, and all events in the Civil Action which are inaccurate according to your records. (Review the Civil Action and either affirm, or correct the dates listed in the Civil Action. If the dates are correct state that fact below.)

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome. Defendant objects to the form of this request and to the extent that this request assumes facts that are in dispute. Notwithstanding and without waiving the objections, all dates listed are correct.**

18. Please state whether or not you have ever been named as a Defendant in any other Civil Action.

*Ferreira v. Lincoln*
*C.A. No. 1:19-cv-00200-JJM-PAS*

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome and is overly broad as to time. Defendant objects to the extent that this request seeks information that was not created and/or kept and/or compiled in the ordinary course of business. Notwithstanding and without waiving the objections, as to known lawsuits:**

**Lorea v. Town of Lincoln, et al. (C.A. No. 10-312S), United States District Court for the District of Rhode Island**

    19. Please list by Court, and Docket Number, any other Civil Actions in which you have, or were named as a Defendant within.

**RESPONSE: See objections and response to Interrogatory No. 18 above.**

    20. Please state whether or not you have ever been found guilty of violating the law in any Civil Action in which you were named as a Defendant.

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome and is overly broad as to time. Defendant objects to the extent that this request seeks information that was not created and/or kept and/or compiled in the ordinary course of business. Notwithstanding and without waiving the objections, no.**

    21. Please list and attach a copy of any case decision or judgment in which you were found guilty of violating the law in any Civil Action in which you were named as a Defendant.

**RESPONSE: See objections and response to Interrogatory No. 20 above.**

    22. Please state whether or not you helped secure the scene when you arrived, which LPD did according to the letter from Ms. Melissa Baldinelli (mbaldinelli@ritrust.com), attached to the complaint, dated April 3, 2019, and if you did, state in detail what you secured, and specifically whether or not you secured the Mercedes SUV belonging to the Plaintiff in this case.

**RESPONSE: Objection. Defendant objects to the extent that this request seeks materials that may be protected by the attorney-client privilege and/or work-product doctrine. Defendant objects based on the Rhode Island Law Enforcement Officers' Bill of Rights, as to conducting the investigation at the scene. Defendant objects to the extent that this request seeks information that was not kept and/or compiled in the ordinary course of business. Notwithstanding and without waiving the objections, see response to Interrogatory No. 11 above.**

    23. Please state whether you secured the Mercedes SUV belonging to the Plaintiff, and if you did not, why didn't you secure this SUV.

**RESPONSE: Objection. Defendant objects based on the Rhode Island Law Enforcement Officers' Bill of Rights, as to conducting the investigation at the scene. Defendant objects to**

*Ferreira v. Lincoln*
C.A. No. 1:19-cv-00200-JJM-PAS

the extent that this request seeks information that was not kept and/or compiled in the ordinary course of business. Notwithstanding and without waiving the objections, see response to Interrogatory No. 11 above.

> 24. Please state whether or not you, or any LPD Officer you know of, or whether the Rhode Island State Police, (RISP), secured the Mercedes SUV belonging to the Plaintiff, and had that SUV impounded, and towed to an impound lot, (provide the name of the Impound Lot, and its address).

**RESPONSE: Objection. Defendant objects to the extent that this request seeks materials that may be protected by the attorney-client privilege and/or work-product doctrine. Defendant objects based on the Rhode Island Law Enforcement Officers' Bill of Rights, as to conducting the investigation at the scene. Defendant objects to the extent that this request seeks information that was not kept and/or compiled in the ordinary course of business. Notwithstanding and without waiving the objections, I did not secure the Mercedes SUV, and I am not aware of anyone else who did so.**

> 25. Please state the names of any, and all RISP Officers that you had dealing with in this case, or at the scene of the crime, and what exactly your business dealings with the RISP Officers were.

**RESPONSE: Objection. Defendant objects to the extent that this request seeks materials that may be protected by the attorney-client privilege and/or work-product doctrine. Defendant objects based on the Rhode Island Law Enforcement Officers' Bill of Rights, as to conducting the investigation at the scene. Defendant objects to the extent that this request seeks information that was not kept and/or compiled in the ordinary course of business. Notwithstanding and without waiving the objections, see response to Interrogatory No. 11 above.**

*Ferreira v. Lincoln*
*C.A. No. 1:19-cv-00200-JJM-PAS*

*I am signing this Response to Interrogatories in my capacity as a Patrol Officer of the Lincoln Police Department. I do not have personal knowledge on the subject of all of the Responses herein. Rather, I am signing these responses, which have been compiled using information obtained from the Lincoln Police Department and/or provided by agents and/or employees of the Town of Lincoln and/or its insurer and/or its legal counsel.*

                                             _____
                                             Captain Philip Gould

**STATE OF RHODE ISLAND**
**COUNTY OF** Providence

*Subscribed and sworn to before me on this* __9th__ *day of January,* 2020.

                                             _____
                                             NOTARY PUBLIC
                                             My Commission Expires 07-30-21

                                             As to Objections,
                                             Defendant,
                                             By his Attorneys,

                                             /s/ Marc DeSisto
                                             /s/ Patrick Burns
                                             Marc DeSisto, Esq. (#2757)
                                             Patrick Burns, Esq. (#10107)
                                             DeSisto Law LLC
                                             60 Ship Street
                                             Providence, RI 02903
                                             (401) 272-4442
                                             marc@desistolaw.com
                                             pburns@desistolaw.com

*Ferreira v. Lincoln*
*C.A. No. 1:19-cv-00200-JJM-PAS*

## CERTIFICATION OF SERVICE

I hereby certify that a true and accurate copy of the within was mailed, postage pre-paid this 15th day of January 2020, to:

Richard Ferreira, *Pro Se*
PO Box 800
Shirley, MA 01464

/s/ Patrick Burns