# Exhibit L

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RICHARD FERREIRA
    *Plaintiff,*

v.                                        C.A. No. 1:19-cv-00200-JJM-PAS

TOWN OF LINCOLN, LINCOLN POLICE
DEPARTMENT, CHIEF OF POLICE,
CAPTAIN PHILLIP GOULD, DETECTIVE
LIEUTENTANT DANA L. PACKER
DETECTIVE CHRIS NIGHTINGALE
DETECTIVE GORMAN, SERGEANT
JASON BOLDUC, SERGEANT WALTER M.
PTASZEK, LPD OFFICER STEPHEN
RODRIGUES, LPD OFFICER JOSEPH ANTERNI,
LPD OFFICER LEGARE, LPD OFFICER
KINNIBURGH, LPD OFFICER SEXTON, THE
RHODE ISLAND STATE POLICE, JAMES
MANNI, SUPERINTENDENT, (RISP
DEFENDANTS UNKNOWN),
JOHN DOES 1-5
    *Defendants.*

## DEFENDANT JASON BOLDUC'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

1. Please state your full name (including any middle names) with correct spelling, and your current business address.

**RESPONSE: Jason Lee Bolduc, 100 Old River Road, Lincoln, RI 02865.**

2. Please state the length of time you have been employed by the Lincoln own Police Department, (LPD), or the State of Rhode Island, as a Civil Servant, listing separate periods of time you spent at each staff level, etc.

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome. Notwithstanding and without waiving the objections, I have been employed by the Lincoln Police Department for approximately 17 and a half years. I served as a Patrol Officer for 11 and a half years and the remaining 6 and a half years as a Sergeant.**

3. Please list the name of each training course and its instructor, that you attended or were trained while employed by the Lincoln Police Department and/or the State of Rhode Island, as a Civil Servant.

*Ferreira v. Lincoln*
*C.A. No. 1:19-cv-00200-JJM-PAS*

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome and includes no limitation as to time. Defendant objects to the extent that this request seeks information that was not created and/or kept and/or compiled in the ordinary course of business by the Defendant. Notwithstanding and without waiving the objections, see Defendant Lincoln Police Department's Response to Plaintiff's First Set of Interrogatories, Response No. 4, Exhibit E, bates stamped Lincoln-Interrogatories-000167 through Lincoln-Interrogatories-000209.**

    4. Please attach all certificates of completion you received in each training course stated above in Interrogatory #3.

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome and includes no limitation as to time. Defendant objects to the extent that this request seeks information that was not created and/or kept and/or compiled in the ordinary course of business by the Defendant. Notwithstanding and without waiving the objections, see Defendant Lincoln Police Department's Response to Plaintiff's First Set of Interrogatories, Response No. 4, Exhibit E, bates stamped Lincoln-Interrogatories-000167 through Lincoln-Interrogatories-000209.**

    5. Please list your scholastic background.

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome and includes no limitation as to time. Defendant objects to the extent that this request is vague. Notwithstanding and without waiving the objections, scholastic background includes:**

**Lincoln High School, class of 1998**

**Associate's Degree in Criminal Justice, Community College of Rhode Island, class of 2001**

**Rhode Island Municipal Police Academy, class of 2002**

**B.S., Criminal Justice, Roger Williams University, class of 2006**

**M.A., Management with a focus in Leadership, Salve Regina University, class of 2010**

    6. Please list all training programs which the LPD, or the State of Rhode Island, has assisted you in being accepted or trained within.

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome and includes no limitation as to time. Defendant objects to the extent that this request seeks information that was not created and/or kept and/or compiled in the ordinary course of business by the Defendant. Notwithstanding and without waiving the objections, see Defendant Lincoln Police Department's Response to Plaintiff's First Set of Interrogatories, Response No. 4, Exhibit E, bates stamped Lincoln-Interrogatories-000167 through Lincoln-Interrogatories-000209.**

*Ferreira v. Lincoln*
C.A. No. 1:19-cv-00200-JJM-PAS

7. Please list your job assignment(s) during the period of time referred to within the Civil Action. (State what position you held during the time period in which the Civil Action arose).

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome. Notwithstanding and without waiving the objections, I held the position of Patrol Sergeant at that time.**

8. Please list you job titles and responsibilities of the job during the time period listed above in Interrogatory #7.

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome. Notwithstanding and without waiving the objections, the responsibilities of the position of Sergeant were as follows:**

As to general duties:
- The sergeant occupies the first level of supervision in the department. His or her primary responsibility is exacting the proper performance of police duty from patrol officers according to community-oriented policing goals.
- The sergeant is charged with ensuring compliance with the department's oral and written orders. The sergeant represents the first level of inquiry or discipline on violations of department orders or complaints from citizens.
- The sergeant shall have a thorough understanding of the duties of patrol officers and shall assist and instruct the officers under his or her supervision in the proper performance of their duties.
- The sergeant is responsible for the proficiency, discipline, conduct, appearance, and strict attention to duty of all officers. The sergeant encourages independent and critical thinking in subordinates to devise solutions to community problems through partnerships with citizens.

As to specific duties and responsibilities:
- Assists and advises the police chief in formulating written administrative guidance for the department.
- Serves as shift commander in the absence of the Lieutenant.
- Instructs and trains new police officers and assists them in handling difficult problems and investigations.
- Performs <u>all</u> work required of a police officer.
- Prepares reports on offenses, calls for service, or other police activities, as well as administrative reports as directed.
- Supervises patrol officers assigned to him or her.
- Maintains an active, working knowledge of departmental oral and written administrative guidance and in relevant laws and local ordinances.
- Continuously audits the performance of officers under his or her supervision to determine whether they are properly, effectively, and consistently carrying out their police duties consistent with community-oriented policing goals. In

- particular, compares field practices with the standards established through written orders.
- When appropriate, administers remedial training or counseling to officers to overcome deficiencies in the performance of subordinates. Sergeants shall rely on encouragement, explanation, or referral or other means consistent with departmental policy to improve performance.
- Submits a written report to the chief regarding any member of the department who commits a serious breach of departmental orders, or where informal corrective measures prove inadequate. Includes in this report the complete details of the misconduct and the corrective measures attempted. Examples of serious misconduct include but are not limited to the following:
    - Flagrant refusal to obey orders.
    - The commission of any criminal offense.
    - Oral or physical abuse of a member of the public or the department.
    - Excessive use of force with a prisoner or other person.
    - Absence without leave.
    - Excessive tardiness.
    - A conflict of interest.
    - Failure amounting to negligence to discover or act upon a felony or upon the existence of conditions dangerous to the health or safety of the public.
    - Repeated failure to respond to orders, instructions, or other admonitions to correctly execute duties.
- Implements all orders received from the chief. To this end, thoroughly explains to departmental personnel under his or her command the content and meaning of new orders that affect their responsibilities.
- Accountable for the actions or omissions of officers under his or her supervision which are contrary to departmental regulations or policy.
- Responds to emergencies, incidents, or dispatches as required. Takes command of the situation until relieved by an officer of superior rank.
- Ensures that all patrol officers receive, serve, or deliver warrants, summonses, subpoenas, or other official papers and perform relevant duties promptly and accurately.
- Actively promotes crime-prevention strategies and methods. Knowledgeably advises citizens and businesses on crime prevention.
- Performs other duties as may be assigned by the chief.

As to knowledge, skills, and abilities:
- Thorough knowledge of departmental orders; thorough knowledge of approved principles, practices, and procedures of police work; thorough knowledge of pertinent state laws, municipal ordinances, and court decisions; thorough knowledge of the geography of the municipality; commands respect of the officers and assigns, directs, and supervises their work; treats citizens courteously and respectfully; actively enlists citizens and officers to develop partnerships through which strategies can be devised to combat disorder; analyzes complex police problems and situations and adopts quick, effective, and reasonable courses of action; skilled in the use of police equipment; of good moral character; physically

*Ferreira v. Lincoln*
C.A. No. 1:19-cv-00200-JJM-PAS

**fit.**

9. Do you know the person named as the Plaintiff in this Civil Action?

**RESPONSE: No.**

10. How long have you known him?

**RESPONSE: See response to Interrogatory No. 9 above.**

11. Please, from your perspective, fully state what you did or didn't do; state your side of the story regarding the allegations in the Civil Action.

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad. Notwithstanding and without waiving the objection, I was not in any way involved the day of the incident. Approximately one month after the incident, I approved the narratives of Officer Kyle Kinniburgh, Officer Jonathan Sexton, Officer Joseph Anterni, and Officer Stephen Rodrigues. I approved the narratives at this time because the narratives were still being worked on by the officers in the meantime. As the Patrol Sergeant, I am responsible for review of the narratives of the patrol officers, which includes running an errors report and reading the narratives for spelling mistakes.**

12. Please list and attach all documents, reports, and communications you received from the Plaintiff regarding this Civil Action.

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome. Defendant objects to the extent that this request seeks materials and/or information that may not have been created and/or kept and/or compiled in the ordinary course of business. Notwithstanding and without waiving the objections, I received no such material from the Plaintiff.**

13. Please list and attach all documents, reports and communications received by you (including listing of oral or wire communications) concerning the cause of this Civil Action, from any and all persons. (Any physical matter resulting from conversations you had with others concerning this Civil Action).

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome. Defendant objects to the extent that this request seeks materials and/or information that may not have been created and/or kept and/or compiled in the ordinary course of business. Defendant objects to the extent that this request seeks materials that may be protected by the attorney-client privilege and/or work-product doctrine. Notwithstanding and without waiving the objections, I communicated orally in a staff meeting and with Chief Brian Sullivan regarding these interrogatories.**

*Ferreira v. Lincoln*
C.A. No. 1:19-cv-00200-JJM-PAS

14. Please list the name of all persons you communicated with during the immediate period of time prior to, or at any time after the cause of action arose in this Civil Action which relates to the Civil Action.

**RESPONSE: See objections and response to Interrogatory No. 13 above.**

15. Please list and attach a copy of all LPD staff involved in the cause of action stated in the Civil Action. (Identify by name, all staff who were directly, or indirectly involved in reporting, investigating, or named as individuals who allegedly caused the action.)

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome. Defendant objects to the extent that this request seeks materials that may be protected by the attorney-client privilege and/or work-product doctrine. Notwithstanding and without waiving the objections, see Defendant Lincoln Police Department's Response to Plaintiff's First Set of Interrogatories, Response No. 15.**

16. Please list and attach a copy of all relevant LPD rules/regulations which are related to the cause of this Civil Action.

**RESPONSE: See Defendants' Response to Plaintiff's Request for Production of Documents, Response No. 3.**

17. Please state the correct dates of any, and all events in the Civil Action which are inaccurate according to your records. (Review the Civil Action and either affirm, or correct the dates listed in the Civil Action. If the dates are correct state that fact below.)

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome. Defendant objects to the form of this request and to the extent that this request assumes facts that are in dispute. Notwithstanding and without waiving the objections, all dates listed are correct.**

18. Please state whether or not you have ever been named as a Defendant in any other Civil Action.

**RESPONSE: Objection. Defendant objects to the extent that this request is overly broad and unduly burdensome and is overly broad as to time. Defendant objects to the extent that this request seeks information that was not created and/or kept and/or complied in the ordinary course of business. Notwithstanding and without waiving the objections, as to known lawsuits, none.**

19. Please list by Court, and Docket Number, any other Civil Actions in which you have, or were named as a Defendant within.

**RESPONSE: See objections and response to Interrogatory No. 18 above.**

*Ferreira v. Lincoln*
C.A. No. 1:19-cv-00200-JJM-PAS

20. Please state whether or not you have ever been found guilty of violating the law in any Civil Action in which you were named as a Defendant.

**RESPONSE: See objections and response to Interrogatory No. 18 above.**

21. Please list and attach a copy of any case decision or judgment in which you were found guilty of violating the law in any Civil Action in which you were named as a Defendant.

**RESPONSE: See objections and response to Interrogatory No. 18 above.**

22. Please state whether or not you helped secure the scene when you arrived, which LPD did according to the letter from Ms. Melissa Baldinelli (mbaldinelli@ritrust.com), attached to the complaint, dated April 3, 2019, and if you did, state in detail what you secured, and specifically whether or not you secured the Mercedes SUV belonging to the Plaintiff in this case.

**RESPONSE: Objection. Defendant objects to the extent that this request seeks materials that may be protected by the attorney-client privilege and/or work-product doctrine. Defendant objects based on the Rhode Island Law Enforcement Officers' Bill of Rights, as to conducting the investigation at the scene. Defendant objects to the extent that this request seeks information that was not kept and/or compiled in the ordinary course of business. Notwithstanding and without waiving the objections, I was not present and therefore did not help secure the scene.**

23. Please state whether you secured the Mercedes SUV belonging to the Plaintiff, and if you did not, why didn't you secure this SUV.

**RESPONSE: Objection. Defendant objects based on the Rhode Island Law Enforcement Officers' Bill of Rights, as to conducting the investigation at the scene. Defendant objects to the extent that this request seeks information that was not kept and/or compiled in the ordinary course of business. Notwithstanding and without waiving the objections, I was not present at the scene and therefore did not secure the Mercedes SUV.**

24. Please state whether or not you, or any LPD Officer you know of, or whether the Rhode Island State Police, (RISP), secured the Mercedes SUV belonging to the Plaintiff, and had that SUV impounded, and towed to an impound lot, (provide the name of the Impound Lot, and its address).

**RESPONSE: Objection. Defendant objects to the extent that this request seeks materials that may be protected by the attorney-client privilege and/or work-product doctrine. Defendant objects based on the Rhode Island Law Enforcement Officers' Bill of Rights, as to conducting the investigation at the scene. Defendant objects to the extent that this request seeks information that was not kept and/or compiled in the ordinary course of business. Notwithstanding and without waiving the objections, I did not secure the Mercedes SUV, and I am not aware of anyone else who did so.**

*Ferreira v. Lincoln*
*C.A. No. 1:19-cv-00200-JJM-PAS*

25. Please state the names of any, and all RISP Officers that you had dealing with in this case, or at the scene of the crime, and what exactly your business dealings with the RISP Officers were.

**RESPONSE: Objection.** Defendant objects to the extent that this request seeks materials that may be protected by the attorney-client privilege and/or work-product doctrine. Defendant objects based on the Rhode Island Law Enforcement Officers' Bill of Rights, as to conducting the investigation at the scene. Defendant objects to the extent that this request seeks information that was not kept and/or compiled in the ordinary course of business. Notwithstanding and without waiving the objections, I did not interact with any State Police officers with respect to this matter.

*I am signing this Response to Interrogatories in my capacity as a Patrol Sergeant of the Lincoln Police Department. I do not have personal knowledge on the subject of all of the Responses herein. Rather, I am signing these responses, which have been compiled using information obtained from the Lincoln Police Department and/or provided by agents and/or employees of the Town of Lincoln and/or its insurer and/or its legal counsel.*

_____
Patrol Sergeant Jason Bolduc

**STATE OF RHODE ISLAND**
**COUNTY OF** PROVIDENCE

*Subscribed and sworn to before me on this* __18__ *day of December, 2019.*

_____
NOTARY PUBLIC
My Commission Expires 4-2-2020

Page 8 of 9

*Ferreira v. Lincoln*
*C.A. No. 1:19-cv-00200-JJM-PAS*

                                             As to Objections,
                                             Defendant,
                                             By his Attorneys,

                                             */s/ Marc DeSisto*
                                             */s/ Patrick Burns*
                                             Marc DeSisto, Esq. (#2757)
                                             Patrick Burns, Esq. (#10107)
                                             DeSisto Law LLC
                                             60 Ship Street
                                             Providence, RI 02903
                                             (401) 272-4442
                                             marc@desistolaw.com
                                             pburns@desistolaw.com

## CERTIFICATION OF SERVICE

     I hereby certify that a true and accurate copy of the within was mailed, postage pre-paid this 19th day of December 2019, to:

Richard Ferreira, *Pro Se*
PO Box 800
Shirley, MA 01464

                                             */s/ Patrick Burns*