UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

Docket: 19-cv-00200-JJM-PAS

RICHARD FERREIRA ) PLAINTIFF'S OPPOSITION TO SOME OF THE
Plaintiff, Pro se ) DEFENDANTS MOTION FOR SUMMARY JUDGMENT 1/
)
v. )
)
TOWN OF LINCOLN, ET AL (TOL) )
Defendants )

Comes now the Plaintiff, Richard Ferreira, (Ferreira), Pro se, who moves this United States District Court, (USDC), to allow this OPPOSITION in full, and ORDER that the Motion For Summary Judgment, filed by some of the Defendants 1/ is filed prematurely, and needs to be fleshed out further by Discovery, and is therefore DENIED without prejudice at this time. The contents of this Motion are as follows.

It is prayed that this Motion be allowed based on the attached Affidavit, and relevant caselaw cited:

"...When, as here, the movant-defendant has suggested that competent evidence to prove the case is lacking,

---

1/Defendants Town of Lincoln; Lincoln Police Dept; Chief of Police (Brian Sullivan [Sullivan]); Philip Gould; Dana L. Packer; Christopher Nightingale; Sean Gorman; Josaon Bolduc; Walter M. Ptaszek; Stephen Rodrigues; Joseph Anterni; Brendan Legare; Kyle Kinniburgh; and Jonathon Saxton. Currently, only Defendants TOL; Lincoln Police Dept (LPD); Sullivan; Philip Gould (Gould); Sean Gorman (Gorman), remain as Defendants in this action. Ferreira did not list any of the other Defendants in the Second Amended Complaint (SAC), for good reason, there was no evidence that linked them to the missing $67,000.00. There is evidence/liability that links the named Defendants, TOL, LPD, Sullivan Gould and Gorman to the missing money. This is a genuine material fact that would preclude Summary judgment at this time.

2

the burden devolves upon the non-movant-plaintiff to document some factual disagreement sufficient to deflect brevis disposition..." Wynne v. Tufts Univ. Sch. of Med., 976 F2 791, 794 (1st Cir. 1992); "...A non-moving party may not successfully defend against summary judgment where the evidence relied upon is merely colorable or is not significantly probative..." Burke v. Town of Walpole, 405 F.3d 66, 76 (1st Cir. 2005); "...The opposing party cannot defeat summary judgment by mere allegations but must bring sufficient evidence supporting the claimed factual dispute...to require a jury or judge resolve the parties differing versions of the truth at trial..." Burke, 405 F.3d 249, 251.

## SPECIFIC RELEVANT FACTS

(1). See attached affidavit for verification of sworn knowledge.

(2). Ferreira is gunned down in the so-called Courtyard Providence Lincoln Hotel (CPLH), aka: Courtyard Marriott Hotel (CMH), in Lincoln, Rhode Island, (RI), on April 29, 2016.

(3). Ferreira's property and cash in his SUV, is seized by the TOL/LPD/Sullivan/Gould and Gorman: the cash is in the amount of $67,000.00, Ferreira earned from gambling, and he explained that in detail, during Interrogatories, etc.

(4). Between 4/29/16 and the early part of 2020, all named Defendants including the RI State Police, (RISP), Defendants, have been deaf, dumb, blind, and stupid, concerning where the $67,000.00, went.

(5). Ferreira then has parties check the prison phone records, and on a call to Defendant Gorman, Gorman admitted to Ferreira: "The state police got your money", see the SAC, ¶¶45.

(6). The admission by Gorman, led to the recovery of $25,996.00, that the RISP, suddenly remembered that they had in their possession, see SAC, ¶¶45.

Case 1:19-cv-00200-JJM-PAS Document 64 Filed 09/11/20 Page 2 of 14 PageID #: 978

3

(7). Even as the RISP is admitting that they had at least $25,996.00, which they had previously denied having, and did everything short of, accusing Ferreira, of outright perjury, as this was unfolding, the rest of the drama was playing out with the TOL/LPD/Sullivan/ Gould and Gorman, which included:

(A). these Defendants admitted that they had <u>seized</u>, and <u>secured</u> the crime scene until the RISP arrived, see SAC, inclusive of a letter from their lawyer at ¶¶20-21; also cf: ¶¶17 and 15;

(B). if they seized/secured the crime scene, why is it, that no TOL/LPD Report or Defendants Interrogatories/Admissions, contain the genuine material fact, that the RISP seized the money? Afterall, the TOL/LPD/Sullivan/Gould/ and Gorman were first on the scene, and secured that scene. Why was there no mention of the $67,000.00, seized from the SUV that belonged to Ferreira?

(C). TOL/LPD/Sullivan and Gould knew about the $67,000.00, and kept their mouths shut, and failed to file Reports on it, as none exist. How do we know that they knew? Because Gorman told Ferreira that the State Police got his money. If Gorman knew, so did the TOL/LPD/Sullivan and Gould, how do we know that? Chain of Command, Gorman had to alert superiors to the discovery of the $67,000.00. That made the superiors knowledgeable, and liable, see SAC, ¶¶2-5; 7-10; 15-22; 24-28; 31-37; 39-47; 49-71;

(D). failure to Report in writing the seizure of the $67,000.00 by TOL/LPD/Sullivan/Gould and Gorman, reflects the conscious intent to deprive the owner of the money, (i.e., Ferreira), of his money; the ability to have the money returned to

him, as there would be no Report/Record, that the money was ever taken from him;

(E). the <u>actual</u> <u>sum</u> of the money is a genuine material question of fact. Gorman said the State Police got your money. Gorman did not say, the State Police got $25,996.00 of your money. Nor did he say, the State Police got $67,000.00 of your money. Gorman stated the State Police got your money! The amount of the money actually seized by someone, which found its way into the custody of the RISP, is only $25,996.00, and Ferreira is missing $67,000.00. The sheer, undisputed fact, that $25,996.00 is admitted to, as being seized, is consistent with the absolute probability, that $67,000.00 was actually taken. The actual sum of money is a genuine material fact, that the Defendants have also not addressed in their Motion to Dismiss.

(8). So to sum it up:

(A). <u>first</u> of all, <u>no</u> <u>one</u> knew about the $67,000.00;

(B). <u>second</u>, then Gorman knew about the State Police taking the money;

(C). <u>third</u>, the RISP then had a "come to Jesus moment", and recalled, they had seized some money in the amount of $25,996.00, after three years of denying that fact;

(D). <u>fourth</u>, not one of the named Defendants, TOL/LPD/Sullivan/Gould or Gorman, ever filed a written Report/Record, that money existed; in what amount; or who ended up with the money;

(E). as the Defendants TOL/LPD/Sullivan/Gould and Gorman, now move for summary judgment, they have utterly failed to explain any of this information, which constitute genuine material questions of fact, that are for a jury and judge to render judgment on.

(9). In closing, as the above drama was playing out with the Defendants TOL/LPD/Sullivan/Gould and Gorman, the RISP engaged in activity that also reaks of retaliation against Ferreira, for filing this suit, and would act to deny summary judgment at this time to the named Defendants in this paragraph. The RISP did:

(A). bring criminal charges against Ferreira for the first time over a 2016 matter, which the facts clearly prove, Ferreira had no involvement in. This was done to use the criminal charges as leverage against Ferreira to drop this lawsuit. Why is there is need for leverage, if the RISP <u>did nothing wrong</u>? If the Defendants named at the top of this page, <u>did nothing wrong</u>?;

(B). RISP did deny all allegations of the SAC ... but did state that they were not acting for the Defendant TOL/LPD/Sullivan/Gould and Gorman ... however, since these five Defendant seized/secured all property/cash at the crime scene ... its hard to ignore that while the RISP denies everything, and retaliates against Ferreira, (which doesn't hurt the case, brought by Ferreira, against the TOL/LPD/Sullivan/Gould and Gorman, the RISP denial and its recent retaliation can also bring leverage to bear on Ferreira that would help the TOL/LPD/Sullivan/Gould/Gorman get out from under this litigation), as the denial and retaliation rages on, the TOL/LPD/Sullivan/Gould and Gorman request summary judgment ... without explaining the events above herein at ¶¶1-8.

For these reasons, summary judgment must be denied at this time, for the Defendants TOL/LPD/Sullivan/Gould and Gorman. <u>FURTHER</u>, to specifically address the issue of what Gorman knew, and who he

told that information to; and when he made that information known. Defense Attorney Desisto needs to provide the following information to this USDC, before he urges summary judgment on this USDC. With that being the case, Ferreira would move this USDC to ORDER the following information be made known, <u>prior to</u>, any summary judgment for the TOL/LPS/Sullivan/Gould and Gorman:

(1). How did Gorman know that the State Police (RISP) got the money?

(2). Who did Gorman tell, that the RISP got the money?

(3). When did Gorman tell anyone, that the RISP got the money?

(4). Why didn't Gorman file a Report/Record with the LPD, which stated that the RISP seized, (got) the money?<u>2/</u>

(5). Did the TOL/LPD receive any of the money that Gorman said the RISP seized (or got)?<u>3/</u>

(6). Which RISP Trooper/Detective actually took possession of the money from the SUV, where Ferreira had secured it?

(7). Was Gorman told by anyone from the TOL, or LPD, not to file a Report/Record that stated that the RISP seized (got) the money?

---

<u>2/</u>All of the Reports/Records which were/are relevant to this matter, have been requested thru DISCOVERY, and received. There is nothing in this documentation that reflects, any Report/Record from Gorman, stating that the RISP seized (got) the money. The inference can be drawn, that once the TOL/LPD got cut out of any of the seized $67,000.00, taken from Ferreira, that caused Gorman to tell Ferreira, the State Police got your money! Ironically, it jarred loose $25,996.00 from the RISP, so the statement from Gorman was honest, and on point.
<u>3/</u>The TOL/LPD could have logically expected a piece of the $67,000.00, as a small amount of Heroin, belonging to the female companion of Ferreira was using it as a recreational drug: drug forfeiture asset claim by the TOL/LPD is a probable inference that can be drawn. Then RISP failed to make the drug case, and kept the $67,000.00. Three years after the seizure, the RISP only had $25,996.00 left.

## CONCLUSION

(10). No factual disagreement is greater, then the ongoing factual disagreement in this case, on at least, the following facts, which are significantly probative, and providing differing versions of the truth, requiring a jury or judge to resolve:

(A). Who took the $67,000.00?

(B). How did Gorman know the RISP took (got) the money?

(C). Who did Gorman tell, that the RISP took the money?

(D). When, if ever, did Gorman tell anyone, that the RISP took (got) the money?

(E). Why didn't Gorman, or any TOL/LPD Defendant, file a Report/Record, that stated that the RISP took (got) the money?

(F). Did the TOL/LPD receive any part/amount of the $67,000.00, that went missing from the SUV, where Ferreira stored/secured it?

(G). Which RISP Trooper/Detecive took (got) the money?

(H). Was Gorman told by anyone from the TOL/LPD, not to file a Report/Record, that stated the RISP took (got) the money?

(I). What is the actual amount of money, that Gorman knows the RISP took (got) from the SUV, where Ferreira had it stored/secured? 4/

---

4/This material question of fact, by itself, should eb grounds to deny the Motion For Summary judgment, filed by the Defendants. WHY? Because, until the USDC is provided with the exact knowledge of the money that Gorman has, there is no way to determine with any certainty at all, whether there was $67,000.00, or $25,996.00, taken from Ferreira. Money was certainly taken. Gorman said the State Police took (got) the money ... and thereafter, the RISP recovered from a selective amnesia they had, and remembered that they had $25,996.00. That same amnesia could be responsible for the RISP not being able to remember, where the rest of the $67,000.00, went. This question of fact is primary in this case; how much money was taken?

8

(11). Based on the above cited information, Ferreira would move this USDC, to:

    (A). deny the Motion For Summary Judgment at this time, without prejudice;

    (B). ORDER Defense Attorney DeSisto, to provide an answer to the questions above at ¶¶(9)(A) to (9)(I), within 30 days of this USDC rendering judgment on the Motion For Summary Judgment. 5/

Respectfully submitted,                       Dated: 9/1/20

*Richard Ferreira*
Richard Ferreira
Pro se
P.O. Box-8000
Shirley, MA 01464

---

5/ These are the most relevant material questions of fact in this case. They will come up again, and the USDC needs this information to rule in this case, as much, as Ferreira needs this information to properly litigate it. Obviously, the TOL/LPD/Sullivan, Gould and Gorman, failed to provide the DISCOVERY this USDC did previously ORDER these defendants to provide. At this point, a USDC ORDER is relevant, needed, and long over due, to generate this DISCOVERY without any further delay.

UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

Docket: 19-cv-00200-JJM-PAS

RICHARD FERREIRA )
Plaintiff, Pro se ) AFFIDAVIT OF RICHARD FERREIRA IN
) SUPPORT OF HIS OPPOSITION TO SOME
) OF THE DEFENDANTS MOTION FOR SUMMARY
) JUDGMENT
v. )
)
)
)
TOWN OF LINCOLN, ET AL (TOL) )
Defendants )

I, Richard Ferreira, on oath, pursuant to 28 USCS, §1746, state:

1. I am the named Plaintiff, in the above captioned case.

2. That, I did speak to Lincoln Police Dept., (LPD), Detective Sean Gorman, over a recorded prison telephone conversation, and he told me, in relation to $67,000.00, seized/taken from an SUV where the money was stored/secured, that:

    "...the State Police got your money..."

3. That, the information provided by Sean Gorman, (Gorman), was the first time in 3 years, since April 29, 2016, that anyone from the LPD, or Rhode Island State Police, (RISP), admitted the money existed, or where it went (after I was gunned down in my hotel room) from the SUV in the parking lot, that I arrived in.

4. That, the RISP had denied the existence of the money, or that

2

the RISP had actually taken the money, see the Second Amended Complaint, (SAC), at ¶¶13(B), in which the Rhode Island, (RI), Attorney General, actually notified Attorney John Cicilline, that the RISP did not seize/take money from the SUV, parked in the hotel parking lot, after, I was gunned down; and that the RISP had no knowledge of the money in general.

5. That, after being notified that a recorded prison conversation with Gorman identified the RISP, as having taken the money, then, for the first time in 3 years, the RISP admitted they had taken the money, but only took $25,996.00.

6. That, as recent as the past 45 days, the RI Attorney General initiated criminal charges against me from 2016, to use as leverage against me, and get me to drop this lawsuit against the RISP. The Attorney General is acutely aware that the facts in that criminal case prove, that I did nothing wrong, and I will be seeking a jury trial in that case. The Attorney General is using anything for leverage in this case, which is also relevant. It reflects the inference that the Attorney General is in receipt of facts unknown at this time, that are so inculpatory, the Attorney General is attempting to create a buffer zone ... between me, and the RISP. The Attorney General has known where I was since last year, when this suit was filed. But, with the admission of Gorman, 'the state police got your money' ... now, the Attorney General files criminal charges against me, from a incident in 2016. The Attorney General is grasping at straws, for any form of leverage to use against me.

7. That, the logical inference can also be drawn, that the instant Motion For Summary Judgment, filed by the Defendants, is:

   (A). a 'legal Hail Mary', filed in the hope that the TOL/LPD/Sullivan/Gould and Gorman, can be dismissed from this suit, prior to the stigma of the theft, and subsequent cover-up, of the $67,000.00, from me, via the SUV parked in the hotel parking lot where I was gunned down in, by the RISP;

   (B). a ploy/stunt/slide of hand, to determine if the United States District Court, (USDC), in this case, is aware, that Gorman provided the whereabouts of the missing money, and who actually took the money. The name of Gorman as being the source of this relevant probative information, appears to be lacking, and is totally missing from the Defendants instant Motion For Summary Judgment. But ... for good cause. Thru Gorman, the TOL/LPD/Sullivan and Gould, remain in this suit for the reasons that are discussed in the attached 8 page Opposition, at pg. 3, ¶¶ (7)(C).

8. That, I had the sum of $67,000.00, in the SUV, parked in the hotel parking lot, when I was shot twice, while staying in the hotel. It was not the sum of $25,996.00, it was $67,000.00.

9. That, to this date, I have never been given a receipt from the RISP, for the sum of either $67,000.00, or $25,996.00.

10. That, I have went over all the DISCOVERY that I have received from the TOL/LPD/Sullivan/Gould and Gorman, in my mind. There are no Reports/Records, which state the state police took (got)

4

the money. There are no such Reports/Records. Of relevance, is that the instant Motion For Summary Judgment, filed by the Defendants listed above, have failed/refused in total to even address the issue of Gorman, or the absence of this information from any Report/Record. This is Fraud of Omission. Thru the Motion For Summary Judgment, Defense Counsel DeSisto did place Defendants Sullivan, Gould and Gorman at the hotel, and they constitute the immediate supervisory staff of Gorman.

11. That, any, and all criminal charges that were initially brought against me, after I, <u>the victim</u>, was gunned down in the hotel room, were dropped. Further, the LPD/RISP have both failed to produce an arrests in the shooting of my person; and have also failed to show the $67,000.00, was from any source, other than legal gambling casinos, I provided detail information on, in my interrogatories. For four years, since April 29, 2016, the LPD/RISP, have provided no evidence of wrong doing on my part, or that the $67,000.00, was the legalized gambling profits, that I claimed they were, and still claim they are.

12. That, please review footnote-1, of the attached OPPOSITION. This USDC, is requested to take judicial notice, that the First Amended Complaint, (Amended prior to service on the Defendants), listed 14 Defendants. The SAC only listed five Defendants, who now move for Summary judgment. I went where the evidence took me. It took me to Gorman, and from Gorman, to his superiors, in his Chain of Command, and their failure to train and supervise Gorman; or who enacted policy, (see SAC, ¶¶12-13; 15-47), or failed/refused

5

to adhere to, and dispense existing TOL/LPD policy, on the seizure/securing of large sums of money from crime scenes.

13. That, I tender this Affidavit in good faith, based on the facts that I have knowledge on, and will testify to it in a court of law. Signed under the pains and penalties of perjury on this date: 9/1/20 .

*Richard Ferreira*
Richard Ferreira
Pro se
P O. Box-8000
Shirley, MA. 01464

August 31, 2020

United States District Court
Attn: Office of the Clerk
Providence, Rhode Island 02903-1779

RE: Ferreira v. Town Of Lincoln, Et al.,
Docket: 19-cv-00200-JJM-PAS; Enclosed
Opposition To Some Of The Defendants
Motion For Summary Judgment; Affidavit
In Support Of The Opposition

Dear clerk:

Greetings. I trust that you are healthy and COVID-19 free.

Some of the Defendants have filed for Summary Judgment. I have enclosed an eight page OPPOSITION, with a five page AFFIDAVIT in support. I am in transition right now, awaiting transfer. I have no serious amount of legal paperwork on this case, as a result of that transfer. I have filed the OPPOSITION/AFFIDAVIT without exhibits for that reason.

Please file the OPPOSITION/AFFIDAVIT with the court, and I truly look forward to hearing from you in this matter, when the court has rendered a judgment on the Motion For Summary Judgment. Again, thank you for your time, as always.

Respectfully submitted,

*Richard Ferreira* (signature)

Richard Ferreira
Pro se
P.O. Box-8000
Shirley, MA. 01464

CERTIFICATE OF SERVICE

I, Richard Ferreira, on oath, 28 USCS, §1746, state on oath, that I have caused one copy of these pleadings to be served on Defense Counsel, Attorney DeSisto, 60 Ship St., Providence, RI 02903, via first class mail on this date: 9/1/20, Signed under the pains and penalties of perjury on this date: 9/1/20.

*Richard Ferreira* (signature)

Richard Ferreira, Pro se